Farley *v.* Eller.

———————————•———————————

## FARLEY *v.* ELLER.

PRACTICE.—*Motion for Judgment on Special Findings.*—Motion in this form: "The plaintiff moves the court for a judgment on the special findings of the jury, for the reason the parol contract referred to in said findings contradicts the record under which the defendant claims title to the land in controversy."

*Held,* that this was not a motion for judgment on the special findings, notwithstanding the general verdict, as contemplated by section 337, 2 G. & H. 206.

APPEAL from the Howard Circuit Court.

PETTIT, C. J.—This was a suit for the recovery of the possession of land. The complaint was in the usual and proper form. The appellant was plaintiff and the appellee was defendant below. There was trial by jury and verdict for the defendant, and answers to certain interrogatories returned by the jury as follows:

"First. Was not the judgment in favor of Joseph Sanders rendered on the 5th day of August, 1861? Ans. Yes.

"Second. Was not the said judgment fairly and honestly sold and assigned to the plaintiff on the 9th day of September, 1868? and did not Sanders recover the money through his attorney? Answer. Yes.

"Third. Was not the sale of the land made fairly and honestly by the sheriff of Hamilton county to the plaintiff? Answer. Yes.

"Fourth. Was not the contract, under which the defendant claims, first made in writing with him, Beck, Eller, and Dawson, as the agents of Freeman Farley, on the 3d day of

March, 1862, and afterward confirmed by Freeman Farley on the 5th of August, 1863? Answer. Yes. But we think that the written contract on the 3d day of March, 1862, and confirmed by Freeman Farley the 5th day of August, 1863, was nothing but the fulfilment of the parol contract made the 30th day of May, 1861.

"Fifth. Was not the only parol contract between Freeman Farley, or his agents, Beck, Dawson, and Jacob Eller, in his behalf, and defendant, Eller, in reference to the land in controversy, as described by the record of the case of Absalom Eller against Freeman Farley and others, through which defendant, Eller, claims title in this suit, made about the 5th day of December, 1861, when the note of Freeman Farley to Harrison became due? Answer. We think not."

A motion in this form was made. "The plaintiff moves the court for a judgment on the special findings of the jury, for the reason the parol contract referred to in said findings contradicts the record under which the defendant, Eller, claims title to the land in controversy." This motion was over-ruled, and we think correctly. It was not a motion for judgment on the special findings, notwithstanding the general verdict, as contemplated by sec. 337, 2 G. & H. 206. The motion is not for judgment on the special findings, because they are inconsistent with the general verdict, but for the reason the parol contract referred to in said findings contradicts the record under which the defendant, Eller, claims title to the land in controversy. The record may be, and in fact is, only a link in the chain of the title of appellee. This ruling is the only legally assigned error, the others being only causes for a new trial. There is no error assigned on the pleadings, or for overruling a motion for a new trial; hence we cannot consider the pleadings or the evidence, but must confine ourselves to the general and special findings, if they are properly brought to our notice; and not being able to see why the special findings are inconsistent with the general verdict or wherein they conflict, we cannot reverse the judgment.

The judgment is in all things affirmed, at the costs of the appellant.*

*D. Moss* and *W. Wallace*, for appellant.

*J. O'Brien* and *W. O'Brien*, for appellee.

*Petition for a rehearing overruled.