DODGE, Respondent, vs. O'DELL'S ESTATE, Appellant.

*March 2 — March 20, 1900.*

*Support of person since deceased: Joint ownership of claim: Court and jury: Special verdict: Appeal: Record: Contents of excluded documents: Evidence: Immaterial error.*

1. In an action to recover for the support of a person since deceased the evidence of the mutual participation by the plaintiff and his mother in maintaining the household wherein the deceased was supported is *held* sufficient to take to the jury the question whether they jointly participated in furnishing the support.

2. The form of a question in a special verdict is very largely in the discretion of the court; and if that adopted fairly calls for the conclusion of the jury upon the material issue of fact, the discretion of the court should not be disturbed.

3. The unities of interest, time, title, and possession in the ownership of an indebtedness for support result by operation of law from a joint participation in furnishing the support during the period covered by the claim. A question of a special verdict whether the parties participated jointly in furnishing the support was therefore sufficient to cover the question of joint ownership of the claim.

4. A refusal to receive documents in evidence cannot be held error if the record on appeal contains no authentic information as to their contents.

5. In an action against an estate to recover for support furnished the deceased in her lifetime, the estate is *held* not to have been prejudiced by the admission of evidence tending generally to show that the deceased had had trouble with her relatives just prior to the time when the support commenced.

Dodge vs. O'Dell's Estate.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

From 1887 to about 1891 the plaintiff, being the owner of a considerable farm inherited from his father, occupied the same with his mother, who had right to an unassigned homestead and dower therein. They, together with a sister of plaintiff, lived together as one family, he conducting the farm and the mother managing the household, all expenses being paid indiscriminately out of a common fund kept in the house, accessible to both, and supplied by the sale of the proceeds of the farming. In 1887 Rachel O'Dell, the deceased, an elderly and homeless woman, came to their house, and was cared for and boarded until her death in 1893. A guardian was appointed for her in 1890, who paid her board subsequent to that time. After his mother's death the plaintiff, as survivor, presented a joint claim of himself and his mother for support of the deceased, Rachel, against her estate. Upon the trial the principal controversy, which is brought before us for review, was whether the plaintiff and his mother jointly furnished the support, it being contended by defendant that it was the mother's household, and the indebtedness if any was to her. The court submitted to the jury a special verdict, of which question No. 3 alone related to that controversy, and inquired: "Did Harriet S. Dodge and *John W. Dodge* participate jointly in furnishing support to said Rachel O'Dell, deceased?" Answered, "Yes." No instructions were given to guide the jury in answering this question, and counsel for the estate requested none, but did request the submission of a question in the special verdict, as follows: "Was there a unity of interest, of title, of time, and of possession, on the part of *John W. Dodge* and Harriet S. Dodge, in the matter of the lodging, care, and support of Rachel O'Dell, and in the prospective emoluments from such lodging, care, and support?"— the submission of which ques-

tion was refused. On the trial the defendant made an offer in evidence *in solido* of all the papers, records, and proceedings in the county court relating to the estate of Rachel O'Dell, deceased, for the purpose of showing the record and proceedings under the Conrad Failinger administration proceedings. It was objected to as immaterial, irrelevant, and incompetent, and was excluded. Those papers have not been embodied in the bill of exceptions. It is asserted that they would disclose that a petition for administration was made by Harriet S. Dodge as a creditor in 1893; that an order for appointment of the plaintiff, *John W. Dodge*, as administrator, was made, but he failed to give any bond; that in 1896, upon a petition by him, one Failinger was appointed administrator, qualified as such, and in due form took out and published an order to limit the time for presentation of claims, and that plaintiff's claim was not presented during the time so limited; and that thereafter the county court had by order entirely set aside said Failinger administration, revived the appointment of the plaintiff as administrator, and, he having qualified, fixed a new period for presentation of claims, whereupon this claim was presented.

Judgment was rendered in the circuit court, from which this appeal is taken.

. *A. G. Zimmerman* and *J. C. Harper*, for the appellant.

For the respondent there was a brief by *F. J. & C. F. Lamb*, and oral argument by *F. J. Lamb* and *C. F. Lamb*.

DODGE, J. Substantially but three assignments of error are presented:

1. That the finding in the special verdict that the plaintiff jointly participated with his mother, Harriet S. Dodge, in furnishing the support upon which liability of the estate is predicated, is wholly unsupported by the evidence. We cannot agree with this contention. The evidence of the

mutual participation by the plaintiff and his mother in maintaining the household wherein the deceased was supported was sufficient to carry the question to the jury.

2. It is contended that, instead of the question submitted by the court, there should have been put that requested by the appellant, as quoted at length in the statement of facts. We are persuaded that the question submitted was much more intelligible, and more likely to secure the conclusion of the jury upon the material fact, than that framed by the appellant, which is involved and would be well-nigh unintelligible to the average layman. The form of questions, as has been many times said, is very largely in the discretion of the court; and, if that adopted fairly calls for the conclusion of the jury upon the material issue of fact, the discretion of the court should not be disturbed. *Knowlton v. Milwaukee City R. Co.* 59 Wis. 278, 285; *Raymond v. Keseberg,* 98 Wis. 317, 320. It may further be suggested that most of the elements of the question requested are legal conclusions. If in fact plaintiff and his mother jointly participated in furnishing the support during the period covered by the claim, all these unities in the ownership of the indebtedness for such support result by operation of law. That indebtedness arises by implication of a contract to pay. If the service was joint, the contract will be implied to pay them jointly, and unity of title, of possession, and of interest in that single indebtedness cannot fail to exist. The time of the service of each was the same, and their rights in the indebtedness therefore commenced at the same time. The third question fairly left to the jury the only controverted question of fact, and from their conclusion thereon, and from the undisputed facts, must necessarily result all the necessary "unities."

Some criticism is made by appellant of the phraseology of certain other questions in the special verdict, but, no excep-

tions thereto having been taken at the trial, we cannot consider them.

3. The appellant assigns as error the refusal to admit in evidence certain records of the county court in the O'Dell estate, claiming that such records would have shown this claim to be barred for the reason that it was not presented within the time limited by a certain order for the presentation of claims under the Failinger administration, which respondent claims was wholly without jurisdiction. The appellant made the tender of all the papers *en masse*, "for the purpose of showing the proceedings under the Failinger administration," but has failed to bring up in the bill of exceptions either the contents in full of those papers or any information with reference thereto, so that we cannot tell whether they were of the character claimed for them. Even if we assume that jurisdiction existed to do so, we cannot know that any order limiting time to hear claims was made or published, or that any act was done which would have barred this claim, nor that any of the papers contained any matter relevant to such considerations, so that they should have been received. Error must be made to affirmatively appear, and, without some authentic information as to the contents of the papers so offered, we cannot hold that any error was committed in excluding them. *Slauson v. Goodrich Transp. Co.* 99 Wis. 20.

We cannot discover any prejudice to the appellant from the admission of two or three items of evidence tending generally to the effect that Mrs. O'Dell had trouble with relatives with whom she had resided just prior to the commencement of her residence with the plaintiff and his mother. The testimony seems not to have been relevant or material, but we are forbidden to reverse for errors by which the appellant has not been prejudiced. Sec. 2829, Stats. 1898.

A supplemental case printed by respondent is made up

of matter in no wise essential to the consideration of any of the errors assigned. It was unnecessary, and the expense of printing it should not be allowed him in taxing costs.

· *By the Court.*— Judgment affirmed.