[Civ. No. 827.   Third Appellate District.—June 16, 1911.]

NAPA VALLEY PACKING COMPANY, a Corporation, Respondent, v. SAN FRANCISCO RELIEF AND RED CROSS FUNDS, a Corporation, Appellant.

ACTION FOR GOODS SOLD AND DELIVERED—COMPLAINT—SALE TO OTHER DEFENDANTS—ASSUMPTION BY CORPORATION—NEGATIVE SPECIAL VERDICT—INCONSISTENT GENERAL VERDICT.—Where the complaint in an action for goods sold and delivered alleges a sale and delivery to defendants other than the corporation defendant, and that such corporation assumed the liability of such other defendants, a nega-

tive special verdict that no sale or delivery was made to such other defendants is inconsistent with a general verdict against the corporation defendant, under the allegations of the complaint, and the general verdict cannot be upheld. The plaintiff is bound by the material allegations of his complaint; and the sale and delivery alleged is material to the alleged liability of the corporation.

ID.—SPECIAL FINDING CONTROLLING GENERAL VERDICT.—Where a special finding of facts is inconsistent with the general verdict, the former controls the latter, under section 625 of the Code of Civil Procedure and the court must give judgment accordingly.

ID.—LIABILITY OF CORPORATION DEPENDENT ON NOVATION.—The corporation defendant became liable for the debt, if at all, by reason of a novation, in assuming the obligation that had been incurred by the other defendants in their purchase of the goods alleged to have been sold and delivered to them.

ID.—EFFECT OF ELIMINATION OF AVERMENT OF SALE AND DELIVERY—INSUFFICIENT COMPLAINT.—If the averment as to the sale and delivery of the goods to the other defendants be eliminated from the complaint, it would fail to state a cause of action against the corporation defendant.

ID.—EFFECT OF OTHER FINDINGS ONLY—NONSUPPORT OF JUDGMENT—MATERIAL SPECIAL VERDICT.—If findings should be made upon the other allegations only, they would be insufficient to support the judgment. Therefore, the response of the jury upon the allegation of sale and delivery to other defendants involves a matter of vital importance to the determination of the cause.

ID.—ESTOPPEL OF CORPORATION BY CONDUCT—PLEADING—MATERIALITY OF AVERMENT AS TO SALE.—The contention of the plaintiff that the corporation defendant is estopped by its conduct in not denying its liability for the goods sold, and in leading plaintiff to believe that there was only a dispute as to the amount it should pay is not tenable, where no estoppel is pleaded, and such question is not properly in the case. Nor could such conduct affect the materiality of the averment as to sale and delivery of the goods, although it may have a bearing in the determination of that issue.

ID.—RATIFICATION LIMITED TO CONTRACT OF ASSUMPTION ALLEGED.—Though the question of ratification of the contract of assumption of liability by the defendant corporation is one of evidence, yet it must be limited to the cause of action alleged to assume liability for goods sold and delivered to the other defendants, and such ratified assumption can be of no avail to plaintiff, in view of the special finding of the jury, which establishes that the assumption never became effective as a contract.

ID.—EFFECT OF DISMISSAL OF ACTION AS TO OTHER DEFENDANTS—IMMATERIALITY—PROOF OF PURCHASE ALLEGED REQUIRED.—In view

of the allegations of the complaint, plaintiff clearly intended to rely upon a sale and delivery of the goods made to the other defendants originally joined with the corporation defendant, as the basis of its assumption of their liability; and the dismissal of the action as to such other defendants cannot affect or enlarge the liability of such corporation; but it must be still proved that the purchase was made by the other original defendants, as a condition of its liability denied in the answer.

ID.—ORIGINAL OBLIGATION NOT IMMATERIAL BECAUSE ASSUMED.—The original obligation was not rendered immaterial because it had been assumed by another.

ID.—INCONSISTENCY IN VERDICT—SPECIAL VERDICT ON EACH ISSUE NOT REQUIRED—CONFLICT IN SPECIAL VERDICT.—Our practice does not require that there must be a finding upon each issue in a special verdict in order to render it inconsistent with a general verdict. Although there may be a conflict in the special findings themselves, yet such conflict would not alleviate or change the situation, since the finding in harmony with the general verdict cannot derogate from the effect of an adverse special finding upon a material issue.

ID.—OBJECTION TO FINDING AS TO SALE AND DELIVERY OF GOODS—AVERMENT IN COMPLAINT.—Where the complaint alleges the sale and delivery of the goods, plaintiff's contention that a finding in the same form as such averment is of a conclusion of law and not of fact is unseemly. If the form of the statement is sufficient for the complaint, it should not be held lacking for the purposes of a special finding.

ID.—SALE AND DELIVERY—FINDING OF ULTIMATE FACTS.—A delivery is necessary to a sale, and though they might be found separately, when they are found together, the finding is of ultimate facts, and not of mere conclusions of law.

ID.—TIME FOR OBJECTION TO FORM FOR SPECIAL VERDICT—SUBMISSION OF CAUSE—PRESUMED ASSENT.—An objection to the form for a special verdict must be made at the time of submission of the questions to the jury; otherwise it will be presumed there was assent to the questions as presented.

ID.—ABSENCE OF EXCEPTIONS—REVIEW UPON APPEAL.—Where no exceptions to the phraseology of questions in a special verdict are reserved, such exceptions cannot be considered on appeal.

ID.—IMPROPER REFUSAL OF COURT TO SUBMIT MATERIAL QUESTION.—The refusal of the court to submit a finding upon appellant's request upon the material question, "Did the original defendants other than the corporation defendant promise to pay for any of the goods claimed by plaintiff to have been sold and delivered?" was erroneous, and cannot be upheld on the ground that the action was dismissed as to them.

ID.—DISPOSITION OF APPEAL—FAILURE OF APPELLANT TO MOVE FOR JUDGMENT ON SPECIAL VERDICT — PRACTICE — REVERSAL.—Where the appellant failed to move in time in the trial court for judgment in his favor on the special verdict, before judgment was entered against him on the general verdict, it is improper practice on appeal to order the judgment to be so entered; but the judgment and order denying a new trial must be reversed for error appearing in the record.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Gray & Cooper, for Appellant.

Otto Irving Wise, for Respondent.

BURNETT, J.—The original defendants were the finance committee of the Relief and Red Cross Funds, a voluntary association, also certain individuals alleged to have been appointed by the mayor of San Francisco as a committee to relieve the distress caused by the earthquake and fire in San Francisco of April 18, 1906, and the appellant, San Francisco Relief and Red Cross Funds, a corporation. At the trial, on motion of plaintiff, the action was dismissed as to all of the defendants except the appellant. The action was brought to recover the value of certain canned goods alleged to have been sold and delivered on or about April 25, 1906. The gravamen of the complaint is that the plaintiff "sold and delivered, at the special instance and request of the above-named defendants, other than the defendant corporation, to the said defendants, other than the defendant corporation," the goods; that they were reasonably worth the sum of $6,547.50; "for which said goods, wares and merchandise the above-named defendants, other than the defendant corporation, promised and agreed to pay the reasonable value thereof. That the said defendant corporation did assume all of the obligations and liabilities incurred by the said defendants other than the defendant corporation hereinabove named," and that only $1,809 of the amount due has been paid. The appellant denied all these allegations and also pleaded an accord and

satisfaction.   The cause was tried before a jury and a general verdict was rendered against appellant, and the appeal is from the judgment and the order denying the motion for a new trial.

Among certain special issues submitted to the jury was the following: "Did the plaintiff sell and deliver the goods mentioned in the complaint or any part thereof to the original defendants other than San Francisco Relief and Red Cross Funds?"   To this interrogatory the jury answered "No." It is therefore insisted by appellant that the judgment should have been entered for defendant.   The contention is based upon the assumption that the finding of the jury constitutes a special verdict upon a material matter and that it is inconsistent with the general verdict.   Hence is invoked the rule: "Where a special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly."   (Code Civ. Proc., sec. 625.)

As to the nature of a special verdict or finding of fact no discussion is needed.   It is sufficient to refer to section 624 of the Code of Civil Procedure and to the opinion of the supreme court in *Plyer* v. *Pacific etc. Cement Co.*, 152 Cal. 125, [92 Pac. 56], and of this court in *Williams* v. *San Francisco etc. Ry. Co.*, 6 Cal. App. 715, [93 Pac. 122].

That the said question involves a material issue could hardly be made clearer by argument or illustration.   It is apparent that the foundation of respondent's claim is the sale and delivery of the goods to the defendants other than the defendant corporation.   Appellant became liable for the debt, if at all, only by reason of a novation; it assumed the obligation that had been incurred by the other defendants in the purchase of the goods.   Eliminate the allegation in reference to the sale and delivery of said goods and it is clear the complaint would fail to state a cause of action against appellant.   Likewise, findings upon the other allegations only would be insufficient to support the judgment.   The response of the jury to said question involves, consequently, a matter of vital importance to the determination of the cause.

What appears so plain from the mere statement of the proposition may be made even more manifest by a formal presentation of this finding of the jury in connection with

16 Cal. App.—30

the other findings necessarily implied by the general verdict. We would then have, as the foundation for the judgment, the following facts: "The defendant corporation, upon receiving the sums aforesaid, did assume all of the obligations and liabilities incurred by the said defendants other than the defendant corporation hereinabove named." "The plaintiff above named did *not* sell and deliver to the said defendants other than the defendant corporation, the goods mentioned in the complaint or any part thereof." "All of the merchandise above enumerated was of the reasonable value of $6,547.50, and the defendants have failed, neglected and refused and do still fail, neglect and refuse to pay the same or any part thereof except the sum of $1,809.00, and there is due, owing and unpaid to plaintiff the sum of $4,738.50."

The layman, even, would see at a glance that an essential element of plaintiff's case is lacking and that a wrong conclusion has been drawn from the facts found.

Plaintiff, of course, must stand upon the complaint, and no allegation therein averred is more certainly material than the one under consideration.

The situation is not affected by the contention of respondent as to estoppel and ratification. The estoppel is claimed by reason of the fact that "Appellant never denied its liability for the merchandise, and led plaintiff to believe that there was only a dispute as to the amount it should pay, practically, or that the only controversy as between it and respondent was limited to the reasonableness of its charges." But the question here is one of pleading and not of evidence. There is no attack upon said finding upon the ground that it is not supported by the evidence. If we were to grant that the showing made is sufficient to justify plaintiff in believing, from appellant's conduct, that the only real controversy was as to the amount due, it would not affect the materiality of the allegation of the sale and delivery of said goods, although it might have an important bearing as to the proper determination of that issue. Again, estoppel is not pleaded, and it is, therefore, not properly in the case. (*Chapman* v. *Hughes,* 134 Cal. 641, [58 Pac. 298, 60 Pac. 974, 66 Pac. 982].)

So the question of ratification is one of evidence, and must be limited, of course, to the cause of action stated and relied upon by plaintiff. It could mean no more than an affirmance

of the agency of Dr. Ford or a confirmation of the contract that he is supposed to have made. It necessarily presupposes the detriment suffered by plaintiff as alleged in the complaint. Conceding the full authority of Ford and the ratification by appellant of every contract he made, it could manifestly be of no avail to respondent in view of the finding of the jury that the only contract about which we are concerned here was never executed at all.

Respondent, in support of the contention that the court below could not have rendered judgment for appellant on the special verdict alone, declares: "We claim not, for there was no action of any sort pending before the court with respect to the original defendants. The suit against them has been determined in the first place, and secondly, it was not at any time pretended that the goods were sold and delivered to them individually. We contended, and do now, that the obligation to pay for the goods was imposed on the finance committee of the Relief and Red Cross Funds and that it subsequently devolved upon appellant. The entire question, therefore, was an immaterial one." As to what was intended, we, of course, have no better guide than to follow the simple and ordinary signification of the terms employed. According to our understanding of the words used by the pleader, it seems quite plain that plaintiff intended to rely upon a sale and delivery of the goods to the original defendants. Nor does the original obligation seem immaterial because it has been assumed by another. If A sells and delivers goods to B, and C assumes the obligation to pay for them, in a complaint against B and C setting forth these facts, although the action might be dismissed as to B, it would still be necessary to prove the sale and delivery to him if denied, in order to make out a case against C.

Respondent is equally at fault in the contention that "The provisions of section 625, Code of Civil Procedure, with respect to the inconsistency of a special with a general verdict applies to an entire special verdict. In other words, if a consistent special verdict is inconsistent with a general one the former controls. But here the special verdict is consistent with the general one, the first finding notwithstanding." Herein, as we conceive it, is shown a misapprehension of the scope of a special finding of facts. The significance of such

finding is clearly pointed out in the Plyer case, *supra.* Therein it is shown that the term "special verdict," as used in the statute, does not necessarily mean what it did at common law, viz., "a finding upon every material issue in the case. But the term is not used in that sense in the statute, which authorizes the demand for special verdicts on any one or more of the issues or particular questions of fact, not for the purpose of determining what judgment shall be entered, but primarily and principally for the purpose of determining whether the general verdict is or is not against law." It must be clear, therefore, under our practice, that if the finding of any material fact by the jury is irreconcilable with the general verdict, the latter cannot be upheld. Without doubt, there may be a conflict in the special findings themselves, one being consistent and another inconsistent with the general verdict. But, of course, this circumstance would not alleviate nor change the situation. The finding in harmony with the general verdict could not derogate from the effect of an adverse special finding upon a material fact in issue.

Another objection by respondent, probably not so free from doubt, is that the said question proposed to the jury, "Did the plaintiff sell and deliver," etc., does not call for a finding of fact, but, in effect, the determination of a proposition of law. As to this vital point we are not afforded much assistance by counsel, the briefs being largely devoted to the discussion of other questions.

There is no dispute, of course, that the special verdict or finding must be as to a question of fact and not of law. In the language of section 624 of the Code of Civil Procedure, we have it: "The special verdict must present the conclusions of fact established by the evidence, and not the evidence to prove them." There may be a special finding, though, upon an issue made by the pleadings or upon a question of fact included within but not so comprehensive as the issue. But in the latter event, "a special finding upon any single essential element of the issuable fact inconsistent with the general verdict would be as fatal as a special verdict upon the broader issue." (Plyer case, *supra.*) Here, in accordance with the more restricted meaning of the first term, the question of "sale" and "delivery" might have been resolved into two separate elements and thus submitted to the jury. But,

strictly speaking, the former includes the latter, as there can be no completed sale without delivery. In this view, the ''delivery'' must be treated as surplusage. If, however, the term ''sale'' or ''sold'' be construed as simply embracing an agreement to transfer the property, then, of course, ''delivery'' becomes an essential element to perfect the title. In either event, it is manifest the finding strikes at the very root of respondent's claim.

Preliminarily to the main controversy, there are two considerations that should be noticed. The first of these is that the issue was submitted in the same form as it is presented in the pleadings. As we have already seen, plaintiff alleged the sale and delivery of the goods. If this is not an allegation of facts, but of mere conclusions of law, it is at least doubtful whether the complaint states a cause of action. At any rate, when plaintiff has deliberately selected such terms by which to tender a material issue of fact and the question has been submitted to the jury in the language which plaintiff has employed, an objection by him that, after all, the finding amounts to no more than a conclusion of law, does not invite favorable comment and it appears somewhat unseemly. If the form of the statement is sufficient for the complaint, it should not be held lacking for the purposes of a special finding.

Again, before the case was submitted to the jury the court stated to them: ''The defendant has requested certain issues which you must decide in this case, and they are as follows.'' Thereupon the court read them to the jury. Counsel for plaintiff objected to numbers 3 and 4 of the proposed interrogatories and the court declined to submit them, but no objection whatever was made to the one in controversy here. Furthermore, it does not appear that any objection was made at any time to the form of the verdict. The propriety, in a case like this, of requiring such objection with the alternative of being denied the privilege thereafter, must be apparent. Indeed, it has been held that an objection to the form must be made at the time of submission; otherwise it will be presumed that there was assent to the submission of questions as presented. (*Gerhardt* v. *Swaty,* 57 Wis. 24.)

Where no exceptions to the phraseology of questions in a special verdict are reserved, such exceptions cannot be considered on appeal. (*Dodge* v. *O'Dell's Estate,* 106 Wis. 296,

[82 N. W. 135] ; *Algier* v. *Steamer Maria,* 14 Cal. 168; *Alhambra Water Co.* v. *Richardson,* 72 Cal. 598, [14 Pac. 379].)

But, recurring to the main inquiry, it should be held, we think, that the question involved ultimate facts rather than conclusions of law. No doubt, it is sometimes a question of law whether there has been a sale or delivery of property. The case is somewhat like that of ownership. This has been held to be an ultimate fact or a conclusion of law, depending upon circumstances. An allegation that plaintiff is the owner of certain property is unobjectionable, and a special finding by a jury that one of the parties is the "owner" would be entirely proper. The terms "sale" and "delivery" are familiar expressions. They convey to the average business man or farmer a meaning as definite as to the members of the bar, and it seems difficult to understand how you could more appropriately than was done in this case submit to the jury the question whether there was an actual transfer to said defendants, for a consideration, of the goods mentioned in the complaint. Would it be any more satisfactory if the jury had been asked whether there was "a contract by which for a pecuniary consideration, called a price," plaintiff transferred said goods to said defendants? The conception of "sale" and "delivery" might have been resolved, probably, into simpler elements embraced in several questions, but no useful purpose seems to require it.

But this branch of the subject may be dismissed with the reflection that if we view said finding as a conclusion of law and therefore to be eliminated from the case, still the conclusion of the trial court cannot be upheld for the following reason: Defendant also requested the trial judge to direct the jury to find a special verdict upon this issue: "Did the original defendants other than San Francisco Relief and Red Cross Funds promise to pay for any of the goods claimed by plaintiff to have been sold and delivered?" Plaintiff objected on the ground that "having dismissed as against the other defendants the only issue before this jury is one concerning the defendants before the bar." The court sustained the objection and refused to submit the question. The ground of the objection, as we have already seen, is not tenable. This is still further emphasized by a consideration of the circumstances of the succeeding question: "Did the San Francisco

Relief and Red Cross Funds assume the obligation incurred by the other original defendants?'' This latter, covering one of the allegations of the complaint, was submitted without objection and was answered in the affirmative. But the particular obligation relied upon, as has already appeared, was the promise to pay for the goods, which was specifically averred in the complaint and thereby made an essential element in the cause of action. We think, therefore, that appellant had a perfect right, under the law as it existed at the time of the trial, to demand that the jury determine, categorically, this issue. It is to be observed, also, that the question is entirely unobjectionable in form and covers an additional feature of the case to that included in the issue as to the sale and delivery. It is manifest that said defendants, by their promise, might have incurred an obligation to pay for the goods although the goods were sold and delivered to someone else. The question, then, is as to the disposition of the appeal. Appellant did not move to have judgment entered in its favor on the aforesaid special verdict, nor, upon the motion for a new trial, was any attack made upon the judgment on said ground. One of the errors of law, however, specified on the said motion for a new trial was the refusal of the court to submit said issue to the jury. The party in whose favor the general verdict is rendered is entitled to judgment thereon as a matter of course, without motion. If, therefore, the opposing party wishes to urge his right to judgment, he must move for judgment on the special findings on the ground that they are inconsistent with the general verdict. (*Leese* v. *Clark*, 20 Cal. 387; *Farley* v. *Eller*, 40 Ind. 319.) The motion for judgment on the special findings must be made, of course, before judgment is entered on the general verdict. This was not done, and therefore it would not be proper practice nor, indeed, just to respondent to direct judgment to be entered for appellant, but, as we view the matter, the motion for a new trial should have been granted. The judgment and order are, therefore, reversed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1911.