[S. F. No. 3844.  In Bank.—June 9, 1904.]

In the Matter of the Estate of ADOLPH SUTRO, Deceased. THEODORE SCHUCKING, Appellant, v. EMMA L. MERRITT et al., Appellants, and KATE NUSSBAUM et al., Respondents.

ESTATES OF DECEASED PERSONS—DETERMINATION OF HEIRSHIP—PETITION AND NOTICE—DECREE OF DEFAULT—ADDED STATEMENT.—Where, after the filing of a petition for the determination of heirship, the court ordered service of notice to all parties interested to appear at a named time and place, in terms as provided in section 1664 of the Code of Civil Procedure, an order establishing the defaults of all persons who have not appeared is not rendered nugatory by adding to it a statement that the order shall be without prejudice to the rights of such persons as have theretofore filed petitions for distribution. Such added statement is not an exception, but is an expression of the opinion of the court as to the rights of such persons.

ID.—JURISDICTION OF PROCEEDING—TIME OF FILING COMPLAINT—DIRECTORY PROVISION — DISMISSAL NOT JUSTIFIED.— The court acquires jurisdiction of the proceeding to determine the heirship upon proof of the service of notice to the satisfaction of the court; and provisions as to the time of future steps in the proceeding are merely directory, notwithstanding the proceeding is statutory or *in rem.* The fact that the complaint was filed by the petitioner more than twenty days after the decree establishing the proof of the service of notice cannot justify a dismissal of the proceeding for want of jurisdiction.

ID.—WANT OF PROSECUTION—DELAY NOT UNREASONABLE.—If there is unreasonable delay on the part of any heir to file a complaint, after

the lapse of twenty days, it might be the duty of the court to dismiss the proceeding for want of prosecution; but that question does not arise where the complaint was filed by the petitioner within two days after such lapse, and the rights of numerous persons were involved in the proceeding.

APPEAL from an order of the Superior Court of the City and County of San Francisco dismissing a proceeding for the determination of heirship. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Thomas & Gerstle, Campbell, Metson & Campbell, Morrison & Cope, and Bradley & McKinstry, for Appellants.

The court had jurisdiction after proof of service of notice. (Code Civ. Proc., sec. 1664.) The entry of default bound all persons not appearing. (*Hitchcock* v. *Superior Court,* 73 Cal. 295.) The appearance of respondents waived all technical objections and irregularities. (2 Ency. of Pl. & Prac., p. 653.) An objection that the pleading was not in time is waived by failure to object thereto promptly. (21 Ency. of Pl. & Prac., pp. 708, 709; *Brinkley* v. *Duncan,* 10 Ark. 252.) The provisions of law for intermediate steps after jurisdiction is acquired are directory. (Potter's Dwarris on Statutes, pp. 222, 224, 225; *Davis* v. *Smith,* 58 N. H. 17; *Matter of Empire City Bank,* 18 N. Y. 199.) The additional statement in the default decree does not vitiate it. It should be regarded as surplusage, so far as the effect of the decree is concerned. *Utile, per inutile non vitiatur.* (*Wallace* v. *Eldredge,* 27 Cal. 497.)

Bishop & Wheeler, and Garret W. McEnerney, for Respondents.

The court could not make an exception in its decree of default, and its order was void. (*Estate of Mahoney,* 133 Cal. 180, 181-183.[1]) The decree must adjudge the default of all persons not appearing, and the complaint must be filed within twenty days after the decree. (Code Civ. Proc., sec. 1664.) The remedy is statutory and *in rem* (*In re Burton,* 93 Cal. 459; *In re Blythe,* 110 Cal. 226; *Estate of Joseph,* 118 Cal. 663), and the procedure prescribed must be strictly followed.

[1] 85 Am. St. Rep. 155.

(*Smith* v. *Westerfield,* 88 Cal. 374, 378; *Windsor* v. *McVeigh,* 93 U. S. 274, 282, 283; *East Tennessee R. R. Co.* v. *Southern Tel. Co.,* 112 U. S. 306, 310.)

McFARLAND, J.—During the administration of the estate of Adolph Sutro, deceased, and one year after the issuance of letters testamentary therein, Theodore Schucking filed a peti- tion, under section 1664 of the Code of Civil Procedure, pray- ing the court to ascertain and declare the rights of all parties to said estate, etc. The court made an order directing service of notice to all persons interested to appear at a named time and place, in terms as provided in said section of the code; and on November 6, 1902, an order or decree of the court was made and filed "establishing proof of the service of said notice," as provided by the section. Up to this point in the proceeding the provisions of the section were beyond question fully complied with. The section, however, provides that "after the expiration of the time limited for appearing" the court shall "enter an order adjudging default of all persons for not appearing, who shall not have appeared as aforesaid"; and an order of that character was made on November 17, 1902, the sufficiency of which is disputed. On November 28, 1902, which was just twenty-two days after the order estab- lishing service of notice, Theodore Schucking filed a "com- plaint." To this complaint Kate Nussbaum and six other persons, who are "respondents" herein, filed a demurrer, which was overruled, and thereafter they filed an answer set- ting up their claims to heirship and distribution. They also stipulated that the proceeding should be tried on October 14, 1903; but upon the case being called on that day respondents moved the court to dismiss the proceedings for want of juris- diction. This motion was based on two grounds,—1. That the decree establishing default, above referred to, was void for the reasons hereinafter noticed; and 2. Because the com- plaint of Schucking was filed more than twenty days after the decree establishing proof of service of notice. The court granted the motion on said grounds, and made an order that the proceedings "be and the same are hereby dismissed for want of jurisdiction, and said court refuses to proceed with the trial of said action." From this order dismissing the pro- ceeding for want of jurisdiction the plaintiffs, Schucking,

and about two hundred other persons, who had appeared and are defendants, appeal.

1. We do not think that the first point needs much consideration. By the decree in question establishing defaults it is first declared that "all persons" who "have not appeared as aforesaid, and each of them, are hereby ordered, adjudged, and decreed to be in default for not appearing as aforesaid," etc. This decree is so far a full compliance with the provision of section 1664 on that subject; but it is contended that the decree is rendered nugatory because the court added to it the following: "This order, however, shall be without prejudice to the rights of such persons who have heretofore filed petitions for distribution herein, provided such petitions are now pending and undisposed of and the rights of such petitioners may be determined in such proceedings for distribution but not otherwise." (There were four petitions for distribution.) This contention is not maintainable. If it could be taken as touching the matter of jurisdiction, still the order was not, as contended by respondents, an order adjudging the default of all persons *except* those who had filed petitions for distribution; it adjudged the default of "all persons"; and such decree of default was not set aside or affected by the last clause above quoted, which, at best, was a mere expression of the opinion of the court that, notwithstanding the defaults, a person having filed a petition for distribution was not precluded from pressing such petition to a final hearing—a view which is perhaps sanctioned by the cases of *In re Oxarart,* 78 Cal. 109, and *Brown* v. *Campbell,* 110 Cal. 644.

2. We do not think that the failure of appellant to file the complaint until after the expiration of twenty days from the decree of service of notice touched the matter of jurisdiction, and therefore we need not consider appellant's contention that respondents waived the point by appearing generally by demurrer and answer. Any one of the persons named in the petition may file a complaint, although the section evidently does not contemplate that there should be numerous complaints; and the persons other than the petitioner may naturally assume that the latter, who has inaugurated the proceeding, will proceed by making himself plaintiff. But under the contention here made those other persons, no matter how

willing and anxious they might be to have their rights established in the proceedings, might entirely lose the remedy if they should rely on the petitioner, or some other person, filing the complaint within the twenty days. Each of such persons, —about two hundred in the case at bar,—in order to be safe, would have to file a complaint within the twenty days, which would lead to a confusion not contemplated by the code. Such a result could hardly have been intended by the legislature. However, other parts of the section clearly settle the question of jurisdiction here made adversely to the contention of respondents. The provision of section 1664 as to the filing of the complaint is simply that "at any time within twenty days after the date of the order or decree of the court establishing proof of the service of said notice, any of said persons so appearing may file his complaint"; but no penalty is imposed for a failure to file the pleading within the time, and there are no negative words of limitation as to such time. And in a previous part of the section it is expressly provided that upon proof of the service of the notice to the satisfaction of the court·"the court shall thereupon *acquire jurisdiction to ascertain and determine the heirship, ownership, and interest of all parties in and to the property of said deceased."* Jurisdiction having thus attached, the provisions as to the time of future steps in the proceeding are merely directory, are not to be considered as conditions precedent, and are not of the essence of the proceeding. In Potter's Dwarris on Statutes and Constitutions (p. 222), it is said: "The provisions of a law fixing the time for intermediate steps, after jurisdiction has once been acquired, are to be deemed directory, and a disregard of them does not avoid the proceedings"; and at page 226, as follows: "And in general it may be laid down as a rule, that when a statute directs certain proceedings to be done in a certain way, or at a certain time, and the form, or period, does not appear essential to the judicial mind, the law will be regarded as directory, and the proceedings under it will be held valid, though the command of the statute as to form and time has not been strictly obeyed; the time and manner not being the essence of the thing required to be done"; and these expressions seem to state the law correctly as established by the adjudicated cases, many of which are

cited by the author. (See, also, cases cited in 17 Am. & Eng. Ency. of Law, under note 7, on page 1069.)

The cases cited by respondents are not in conflict with these views. In *Smith* v. *Westerfield,* 88 Cal. 374, it was very properly held that jurisdiction under section 1664 was *never acquired* by the superior court, because the petition was filed within less than four months after the issuance of the letters of administration, whereas no proceeding under the section can be inaugurated, and of course no jurisdiction acquired, until the expiration of one year after the issuance of letters. What was said in the opinion about probate proceedings being "statutory" was of course correct, and was naturally preliminary to the conclusion that there could be no jurisdiction of a "petition" under section 1664, until after the expiration of the year. In the case at bar jurisdiction was clearly acquired, and the contention is, that the court was ousted of such jurisdiction by the failure of the appellant to strictly comply with the provision which, as before stated, is merely directory. The other cases cited—*In re Burton,* 93 Cal. 459; *In re Blythe,* 110 Cal. 226; *Estate of Joseph,* 118 Cal. 663; *Windsor* v. *McVeigh,* 93 U. S. 274; and *East Tennessee R. R. Co.* v. *Southern Tel. Co.,* 112 U. S. 306—are not in conflict with the views and authorities above stated and referred to. And when jurisdiction has been acquired, the rule applies though the action or proceeding in question be statutory or *in rem.* Indeed, most of the cases on the subject deal with special statutory actions. Even as to courts of special or inferior jurisdiction, the law as established by the authorities is correctly stated in the American and English Encyclopœdia of Law (p. 1083) to be, that "whenever the jurisdiction has once vested as to the subject-matter the rules which govern its exercise as to the person with respect to process, evidence, etc., are generally the same as those applicable to courts of general jurisdiction." (See *Cason* v. *Cason,* 31 Miss. 578; *Davis* v. *Smith,* 58 N. H. 17; *Matter of the Empire City Bank,* 18 N. Y. 199; *Matter of Clark,* 168 N. Y. 427; *In re Hennessy,* 164 N. Y. 393.)

It is to be noticed that the order of dismissal in the case at bar was based entirely upon the supposed want of jurisdiction; and its affirmance is sought upon that ground alone. If the twenty days and a reasonable time thereafter should

expire without a complaint having been filed by the petitioner, or by any other person, it would perhaps be the duty of the court to dismiss the proceeding for want of prosecution; and as the settlement of an estate is involved, a comparatively short delay should perhaps be considered unreasonable; but such considerations are not here involved.

The order appealed from is reversed, with directions to the court below to proceed with the trial of the action.

Shaw, J., Angellotti, J., Van Dyke, J., Henshaw, J., and Lorigan, J., concurred.