[S. F. No. 10421. In Bank.—October 16, 1922.]

JULIE GRINBAUM, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

[1] DISQUALIFICATION OF JUDGE—BIAS AND PREJUDICE—COUNTER-AFFIDAVITS—TIME FOR FILING.—A judge in passing upon the question of his disqualification raised by affidavits of bias and prejudice filed in pursuance of subdivision 4 of section 170 of the Code of Civil Procedure may consider counter-affidavits, notwithstanding they are not filed until after the expiration of the period fixed by such section, the statute in that regard being directory.

[2] PROHIBITION—SHOW CAUSE PROCEEDING—REVOCATION OF ALLOWANCE OF FEES—RES JUDICATA—PRESENTATION OF OBJECTION TO TRIAL COURT.—A writ of prohibition will not issue to prevent a judge of a superior court from proceeding on an order to show cause why the allowance of certain fees in a guardianship proceeding should not be revoked, where the writ is sought on the ground that the allowance is *res judicata,* since it is the duty of the petitioner to present such objection in the first instance to the trial court and such court can determine the matter on the return to the order.

APPLICATION for a Writ of Prohibition to prevent a judge of the Superior Court from passing upon the question of his disqualification. Denied.

The facts are stated in the opinion of the court.

John Francis Neylan for Petitioner.

Maurice E. Harrison, Alfred Sutro and Warren Olney, Jr., for Respondent.

THE COURT.—The application for a writ of prohibition to prevent the respondent from passing upon the question of his disqualification raised by affidavits filed in pursuance of subdivision 4, section 170, of the Code of Civil Procedure, and to prevent the court from considering counter-affidavits upon that question, filed after the expiration of the time fixed by the statute, but before the beginning of the trial, is denied.

[1] The court below has jurisdiction to pass upon the question of bias and prejudice. The counter-affidavits may be considered, notwithstanding they were filed after the period fixed by statute. The statute in that regard is directory. (See *Estate of Sutro,* 143 Cal. 487, 491 [77 Pac. 402].)

Prohibition is also prayed for to prevent the judge from proceeding on an order to show cause why the allowance of certain fees specified in the order should not be revoked. It seems to be conceded that the court had power of its own motion to institute an inquiry concerning the expenditures made on behalf of the ward, but it is claimed that these fees were fixed, settled and allowed at the time of the settlement of accounts and therefore that the orders are conclusive and must not be inquired into.

[2] The respondent argues that although these items were included in orders settling accounts that they were intermediate and not final accounts and therefore can be inquired into. It is not necessary for us to determine this question, for it is the duty of the parties to present these objections in the first instance to the trial court before seeking a writ of prohibition in this court and this was not done (*Havemeyer* v. *Superior Court,* 84 Cal. 402 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]), and for the further reason that the question whether or not the allowance of the fees specified in the order is *res adjudicata* is a matter which can be determined on the return to the order to show cause.

The writ is denied.

Wilbur, acting C. J., Lawlor, J., Waste, J., Lennon, J., and Richards, J., *pro tem.,* concurred.