[Civ. No. 9895. Second Appellate District, Division One.—October 24, 1934.]

JOHN W. DADY, as Superintendent of the MISSION INDIAN AGENCY, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Peirson M. Hall, United States Attorney, and Howell Purdue, Assistant United States Attorney, for Petitioner.

Everett W. Mattoon, County Counsel, Ernest R. Purdum, Deputy County Counsel, and Paul Hutchinson for Respondent.

HAHN, J., *pro tem.*—This is an application for a writ of prohibition to restrain the Superior Court in and for the County of Los Angeles from proceeding with a hearing upon an order to show cause issued by said court, in the Matter of the Estate of Jackson Barnett, deceased. The order was issued pursuant to the provisions of section 615 of the Probate Code, and was for the purpose of examining petitioner as to whether or not he had certain moneys in his possession belonging to the estate of Jackson Barnett. From the petition it appears that petitioner himself did not appear, as directed by the order to show cause, but his counsel did specially appear for the purpose of raising the question óf the jurisdiction of the court. On this point it was urged that, inasmuch as respondent was the superintendent of the Mission Indian Agency at Riverside, he was an officer of the United States, and that the money he had in his possession belonging to Jackson Barnett was not subject to administration under the law of California, but was subject to disposition according to the regulations of the Department of the Interior of the United States. While other points are raised in the petition and the amendment to the petition, and are discussed in petitioner's brief, we deem it necessary to consider but one question, namely: Is it within the power and jurisdiction of the court to require petitioner to appear and be examined as directed in the order to show cause?

Section 615 of the Probate Code provides for the issuing of the order to show cause and the proposed examination. It is not contended that the court has no jurisdiction to administer upon the estate of Jackson Barnett located in California. If, as contended for by petitioner, the money in his hands is not subject to administration under the laws of California, we must presume that upon the hearing of the order the court will make its ruling in accordance with

the facts as they are made to appear, and the law applicable thereto. While the petition alleges that the court has indicated what its decision will be upon the examination, this allegation is denied in the answer filed to the petition. We may not in a proceeding of this character anticipate that the court's decision will be contrary to the law and the facts as they appear at the examination. (*Boca etc. R. Co.* v. *Superior Court,* 150 Cal. 153 [88 Pac. 718]; *Grinbaum* v. *Superior Court,* 189 Cal. 741 [209 Pac. 1005].)

█ If upon the hearing of the order to show cause the court makes any order not supported by the facts, or in conflict with the law pertaining thereto, the petitioner has an adequate remedy for review by *certiorari.*

█ There is no merit in the contention that the order to show cause was issued without the filing of any pleading therefor. The order itself recites that it is made "Upon the application of Anna Laura Barnett, Administratrix of the Estate of Jackson Barnett, deceased, and good cause appearing therefor." In a proceeding of this character, and in the state of the record before us, we must assume from this recital that the order was issued upon a proper petition or affidavit.

█ There is no doubt in our minds as to the jurisdiction of the court to issue the order to show cause and conduct the examination in accordance with the order.

The alternative writ is discharged and the peremptory writ is denied.

Houser, Acting P. J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 20, 1934.