[Civ. No. 11862. Second Appellate District, Division Two.—July 9, 1938.]

CHARLES W. HEINECKE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Jerrell Babb for Petitioner.

J. H. O'Connor, County Counsel, Douglas DeCoster, Assistant County Counsel, and Meserve, Mumper, Hughes & Robertson for Respondent.

McCOMB, J.—This is an original application for a writ of prohibition to restrain respondent Superior Court from proceeding to hear an order to show cause why defendant

should not be punished for contempt for failure to comply with certain provisions of a property settlement agreement executed by him and his former wife. A demurrer has been filed to the petition.

The material facts alleged in the petition are:

August 15, 1932, petitioner was named as defendant by his wife in an action for divorce. September 9, 1932, petitioner and his wife entered into a property settlement agreement. September 30, 1932, petitioner filed an amended cross-complaint for divorce in an action instituted against him by his wife, and after default was duly entered to the cross-complaint he obtained an interlocutory decree of divorce on October 19, 1932, which contained with reference to the property settlement agreement of the parties the following order:

"IT IS HEREBY FURTHER ORDERED AND DECREED that the property settlement agreement made and entered into between the parties to this action on the 9th day of September, 1932, be made and is a part of this Interlocutory Judgment of Divorce."

August 31, 1934, a final decree of divorce was entered which contained this provision:

"It is further ordered and decreed that wherein said interlocutory decree makes any provision for alimony or the custody and support of children, said provision be and the same is hereby made binding on the parties affected thereby the same as if herein set forth in full, and that wherein said interlocutory decree relates to the property of the parties hereto, said property be and the same is hereby assigned in accordance with the terms thereof to the parties therein declared to be entitled thereto."

April 5, 1938, there was issued from respondent court and directed to petitioner an order to show cause why he should not be punished for contempt for failure to comply with certain provisions of the property settlement agreement above mentioned. April 25, 1938, the return date in the order to show cause, the following minute order was entered upon the records of the clerk of respondent court:

482

"Monday, April 25, 1938
"Department 8
"Present: Hon. LESLIE E. STILL, Judge; G. H. Pratt, Deputy Clerk; Lou Breker, Deputy Sheriff; and the following proceedings were had:

MARGARET E. HEINECKE

D 106028        vs.

CHARLES W. HEINECKE

"Order to show cause re contempt comes on for hearing; Meserve, Mumper, Hughes & *Robertson* appearing as attorneys for the plaintiff and the defendant present with his attorney, Jerrell Babb.   E. N. Frankenberger, Reporter from 2:15 P. M. to 3:00 P. M.   Defendant is sworn and testified. On defendant's promise to make the payments, order to show cause is continued to May 25, 1938, at 2:00 P. M.   Defendant is ordered to return if he has not paid plaintiff 20 per cent of his salary.   All future payments are to be made through K. J. Scudder, Court Trustee."

This is the sole question necessary to be determined:

■ *Will a writ of prohibition, predicated upon the assumption that the Superior Court, will render an erroneous decision, issue to restrain said court from hearing an order to show cause in a contempt proceeding over which it has jurisdiction?*

This question must be answered in the negative.   A writ of prohibition will not issue to restrain the act of an inferior tribunal where it has jurisdiction over the subject-matter based on the assumption that the inferior court will rule erroneously (*Benvenuto* v. *Superior Court,* 181 Cal. 293 [184 Pac. 672]; *Estate of Turner,* 181 Cal. 467, 468 [185 Pac. 171]; *Dady* v. *Superior Court,* 1 Cal. App. (2d) 581, 583 [36 Pac. (2d) 1092]; 50 Cor. Jur. (1930) 681, sec. 54).

In *Benvenuto* v. *Superior Court, supra,* our Supreme Court in denying an application for a writ of prohibition thus states the rule:

"(1) We deem it proper to say that this denial is without reference to the merits of the legal question attempted to be presented by the application.   Regardless of all other questions, we cannot assume to anticipate the action of the trial court on the application for confirmation of the attempted sale referred to in the petition."

In *Dady* v. *Superior Court, supra,* a proceeding for a writ of prohibition, Mr. Justice Hahn speaking for this court said at page 583:

"We may not in a proceeding of this character anticipate that the court's decision will be contrary to the law and the facts as they appear at the examination. (Citing cases.)"

■ From the record before us it appears that respondent court issued an order to show cause why petitioner should not be punished for contempt for failure to comply with certain provisions in a property settlement agreement. At the time set for the hearing upon this matter petitioner appeared and agreed to make certain payments, whereupon the matter was continued to a future date for hearing and petitioner ordered to return at said time. There is nothing to indicate what action the respondent court will take when the objections urged here by petitioner are presented to it, and this court will assume in the absence of a showing to the contrary that the rulings of the Superior Court will conform to the law and the facts as they are made to appear at the time of the hearing.

Applying the rule of law above stated to the foregoing set of facts, it is apparent that the petition fails to state sufficient facts to warrant the issuance of a writ of prohibition.

For the foregoing reasons the demurrer to the petition is sustained, the application for a writ of prohibition is denied, and the alternative writ heretofore issued is discharged.

Crail, P. J., concurred.

WOOD, J.—I dissent.

In my opinion the court was without jurisdiction to order petitioner to make the payments to the court trustee or to return to court if the payments should not be made. (*Baxter* v. *Baxter,* 3 Cal. App. (2d) 676 [40 Pac. (2d) 536].)