[Civ. No. 11093. Fourth Dist., Div. One. Sept. 1, 1971.]

BERLYN COOK, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY et al.,
Respondents;
MELVIN M. BELLI et al., Real Parties in Interest.

COUNSEL

Davies, Barwick & Knowlton and Kenneth A. Barwick for Petitioner.

No appearance for Respondents.

Luce, Forward, Hamilton & Scripps, Robert G. Steiner, Jones & Wilson, George W. Coleman, Gray, Cory, Ames & Frye and Rudi M. Brewster for Real Parties in Interest.

OPINION

**THE COURT.**—Petitioner is the plaintiff, and real parties in interest are the defendants in an action pending before the Superior Court of San Diego County. Petitioner, by his complaint, alleges he sustained damage as a proximate result of the negligent failure of real parties in interest, as his former attorneys, to bring to trial his action for medical malpractice against certain doctors. Real parties in interest were petitioner's attorneys in the medical malpractice action. Upon motion of real parties in interest, as defendants in the legal malpractice action, the superior court made its order the trial of that action "will be bifurcated so that the issues in respect to the claimed medical malpractice will be tried to jury verdict or final decision before the issues of legal malpractice." ■■■ Petitioner seeks a writ of prohibition to restrain enforcement of the order bifurcating the trial upon the ground it is in excess of the jurisdiction conferred by section 598 of the Code of Civil Procedure which authorizes the court only to make an order "that the trial of the issue of liability shall precede the trial of any

other issue in the case, except for special defenses which may be tried first pursuant to Section 597." The order at bench directs the trial of a part of the issue of liability before the trial of another part of that issue.

In an action by a client against his attorney to establish liability for malpractice in the prosecution of a case, the client must show the attorney was negligent in prosecuting the case and, but for such negligence, the case would have resulted in the recovery and collection of a judgment favorable to the client. (*Campbell* v. *Magana,* 184 Cal.App.2d 751 [8 Cal.Rptr. 32].) Thus the issue of liability includes not only a showing the attorney was negligent but also a showing his negligence caused damage. Factors of damage essential to proof of the issue of liability against the attorney would also be factors essential to proof on the issue of damages. Thus, where trial of the question of liability is bifurcated by requiring a trial of the issues respecting medical malpractice before a trial of the issues of legal malpractice the court, in substance, is directing a trial of some of the issues on the question of damage before a trial on some of the issues on the question of liability.

■ The authority of the court to bifurcate a trial of the issues in a case is conferred and limited by the provisions of Code of Civil Procedure section 598. The statute does not authorize the court to order the trial of a part of the issue of liability and a part of the issue of damages before the trial of another part of the issue of liability. Real parties in interest assert the court has inherent power to bifurcate the trial of the issues as its discretion may dictate. In *Booth* v. *Bond,* 56 Cal.App.2d 153, 155-157 [132 P.2d 520] and *Donovan* v. *Security-First Nat. Bk.,* 67 Cal.App.2d 845, 852 [155 P.2d 856], it was stated a court has inherent power to bifurcate the trial of issues. However, in each of these cases, the provisions of former Code of Civil Procedure section 2042 were relied upon as authority for this statement. At the time of the decision in each case section 2042 provided: "The order of proof must be regulated by the sound discretion of the court." Since that time section 2042 has been supplanted by Evidence Code section 320, which states: "*Except as otherwise provided by law,* the court in its discretion shall regulate the order of proof." (Italics ours.) Thus, the authority of the court to regulate the order of proof in its discretion is limited by section 598 which provides the authority to regulate the order of proof as it relates to the trial of the issues in a case.

■ An act which exceeds the defined statutory power of a court is in excess of its jurisdiction and may be restrained by a writ of prohibition. (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 454 [20 Cal. Rptr. 321, 369 P.2d 937].) Petitioner and real parties in interest have filed points and authorities setting forth their respective contentions in the prem-

ises. An alternative writ or order to show cause would add nothing to the full presentation already made. A peremptory writ is proper. (Code Civ. Proc., § § 1104, 1105, 1088.)

Let a peremptory writ issue as prayed.

The petitions of the real parties in interest for a hearing by the Supreme Court were denied October 27, 1971.