[L. A. No. 8032.  In Bank.—September 28, 1925.]

F. L. HEMRY, Appellant, v. J. A. AMOS, Respondent.

[1] ACCOUNTING — COMPROMISE AND SETTLEMENT — ENFORCEMENT OF CONTRACT—EQUITY.—Where, after the commencement of an action for an accounting between plaintiff as principal and defendant as his alleged agent in a considerable number of transactions involving the investment by defendant of plaintiff's money, plaintiff and defendant meet and enter into and execute a written agreement, which is not in the nature of an accord, but a compromise and settlement of the pending controversy between them, the terms and conditions of which are on the part of the defendant to be fully executed at some future time, and which is intended to be a present settlement of the account between the parties thereto upon the basis of which the future acts of the defendant are to be determined, it is a proper function of a court of equity to carry the provisions of such contract into effect by directing the performance thereof by the defendant.

[2] ID.—GRANT DEED—LANDS IN OTHER STATE—COVENANT AGAINST ENCUMBRANCES—FINDINGS.—It is not error for the trial court to determine that certain lands situate in another state, which defendant and his wife by a "grant" deed conveyed to plaintiff pursuant to the terms of said settlement agreement, were not agreed to be conveyed to plaintiff free and clear of encumbrances, where the court finds that the conveyance which defendant was by the terms of said agreement to make to plaintiff was merely a conveyance from an agent holding the bare legal title to his principal of lands which were already the principal's in equity, and the court further finds that, under the laws of the state where such lands are situated, the word "grant" in a deed does not imply a covenant against encumbrances.

(1) 12 C. J., p. 361, n. 80.   (2) 15 C. J., p. 1213, n. 50 New, p. 1245, n. 97.

1.  See 5 Cal. Jur. 441; 5 R. C. L. 901.

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Warmer, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

McNabb & Hodge and William Guthrie for Appellant.

Daley & Byrne and W. E. Byrne for Respondent.

RICHARDS, J.—This appeal is by the plaintiff from a judgment in his favor in an action for an accounting and is taken upon the judgment-roll. The appellant makes two contentions: First, that the judgment is not supported by the pleadings, findings of fact, or conclusions of law, but is contrary thereto; second, that the trial court was in error in not allowing the plaintiff his costs upon a judgment in his favor. As to the latter point, the respondent admits that the trial court was in error and consents to a modification of the judgment in that regard. The sole question for discussion is, therefore, whether the judgment is supported by the pleadings, findings, and conclusions of law. [1] The action, as we have seen, was for an accounting between the plaintiff as a principal and the defendant as his alleged agent in a considerable number of transactions involving the investment of the plaintiff's money and purchase, handling and transfer of certain personal and real property extending over a period of years. The plaintiff alleged various acts of misconduct on the part of the defendant in relation to these properties and demanded an accounting of the defendant's dealings with the plaintiff's said properties and the turning over of what remained of the same or their value to the plaintiff and for general relief. The defendant's original answer, while admitting the agency, denied specifically any acts of misconduct on his part and put in issue practically all of the averments of the complaint involving his dealings with the plaintiff's several properties. The original complaint was filed on November 12, 1921. On November 14, 1921, the plaintiff and defendant met and entered into and executed a written agreement purporting to cover the matters in controversy between them. This agreement the defendant set forth in and

made a part of his answer and pleaded it as a bar to plaintiff's cause of action. Thereafter, the plaintiff filed a supplemental complaint wherein he alleged in substance that the defendant had taken advantage of his old age and inexperience in business and had by fraudulent pretensions and representations overreached him in the making and terms of said agreement of November 14, 1921, and that the plaintiff had on February 10, 1922, rescinded the same. To this supplemental complaint the defendant presented and filed a supplemental answer and subsequent thereto several amendments thereto denying its incriminatory averments and alleging that said agreement of November 14, 1921, had been in certain essential respects performed by him and was not subject to rescission. He also in these pleadings makes certain allegations with respect to the execution by himself and his wife of a certain deed to the plaintiff of certain lands in Florida in performance of said agreement, which lands were at the time thereof encumbered with a mortgage, and that it was not the intent of the parties to said agreement and to said deed in execution of the terms thereof that said lands should be by said deed conveyed free and clear of such encumbrance, but subject thereto; and that under the laws of the state of Florida, where the lands covered by said deed were situate, such a conveyance did not carry with it a covenant against encumbrances. After the issues had thus been made up the court proceeded to try the cause before a jury, which rendered a general verdict in the plaintiff's favor for the sum of $20,000. Thereupon the defendant made a motion that the court disregard such verdict and proceed to make its findings of fact and conclusions of law and render its decision thereon. The court granted said motion and set aside said verdict as contrary to law and excessive and unsupported by the evidence, and thereupon proceeded to make and file its findings of fact and conclusions of law. In so doing it dealt specifically, at great length and with much detail, with the averments, admissions, and denials of the pleadings of the respective parties, and particularly with the agreement between them, executed on November 14, 1921, with respect to which the court held that the same was entered into by the plaintiff freely and with full knowledge of each and all of the transactions between the parties referred to therein and adjusted thereby and was

a valid and subsisting agreement and constituted a full and complete settlement of the account between the parties thereto and to this litigation; that said agreement had as to the real property referred to therein been fully performed by the defendant; and that by virtue of the terms thereof there was due from the defendant to the plaintiff the sum of $4,165 and no more. Judgment was ordered and entered accordingly for said sum without costs; and from said judgment the plaintiff prosecutes this appeal.

The main contention of the appellant upon this appeal is that the agreement entered into between the parties hereto upon November 14, 1921, was in the nature of an accord, and that since certain of the agreements therein to be performed by the defendant had not been performed, and said accord not having been by reason thereof accompanied or followed by a satisfaction, the said agreement was thereby rendered wholly ineffectual and ought not, therefore, to have been considered or enforced by the trial court as constituting a compromise and settlement of the account between the parties. The appellant cites numerous cases to the effect that an accord when not accompanied or followed by a satisfaction is ineffectual as a bar to an action of this character. With these cases we have no quarrel, but the difficulty is with the appellant's contention that the agreement in question was in fact or in its essential nature an accord. An examination of said agreement convinces us that it was not an accord, but a compromise and settlement of the pending controversy between the parties, the terms and conditions of which were on the part of the defendant to be fully executed at some future time, but which was intended to be what the trial court found it to be, a present settlement of the account between the parties thereto upon the basis of which the future acts of the defendant were to be performed. Such being the nature of said agreement it was the proper function of a court of equity to carry its provisions into effect by directing the performance thereof by the defendant, and this is what the court has done in the instant case. The case of *Armstrong* v. *Sacramento Valley R. R. Co.*, 179 Cal. 648 [178 Pac. 516], is as to the principles involved precisely in point and it and the authorities cited therein are made the basis of this decision. [2] With respect to the conveyance by the defendant and his wife to

plaintiff of certain lands situate in Florida the trial court has found that the conveyance which said defendant was by the terms of said agreement to make to said plaintiff was merely a conveyance from an agent holding the bare legal title to his principal of lands which were already his in equity, and that such conveyance was not to be construed as carrying with it a covenant against encumbrances for this reason, as well as for the reason that since it purported to convey the title to lands in Florida it was to be interpreted according to the laws of the place where the lands were situated, wherein the use of the word "grant" in a deed did not imply a covenant against encumbrances. The case of *Platner* v. *Vincent*, 187 Cal. 443 [202 Pac. 655], is authority for this latter conclusion. It follows that as to his main contention the plaintiff's appeal is without merit. As to the matter of the allowance of costs in his favor by the trial court, the plaintiff, it is conceded, was entitled to such allowance, and the judgment herein should, without reversal, be modified in that regard.

It is therefore, ordered that the trial court be and it is hereby directed to modify its judgment herein so as to provide for the recovery by the plaintiff of his costs, and as thus modified the judgment is affirmed.

Waste, J., Shenk, J., Seawell, J., Lawlor, Acting C. J., Lennon, J., and Houser, J., *pro tem.*, concurred.

Rehearing denied.