[Civ. No. 2988. Fourth Dist. Dec. 17, 1942.]

W. H. BOOTH et al., Appellants, v. GEORGE W. BOND et al., Respondents.

154

H. B. Cornell for Appellants.

Forgy, Reinhaus & Forgy for Respondents.

MARKS, J.—This is an appeal from a judgment for defendants in an action to dissolve a partnership, for an accounting, and to recover damages for breach of contract.

In January, 1923, a special partnership was formed with plaintiffs as general partners and defendants as special partners. Disagreements occurred and, by contract dated February 8, 1929, the partners agreed on a dissolution of the partnership effective on that date. Plaintiffs were selected to liquidate the assets and liabilities of the partnership. It was agreed that defendants loan to each plaintiff $7,000, and to George Mulbar $5,000, each loan to be for five years with interest at 6 per cent per annum, the notes evidencing them to be secured by pledges of stock in a corporation then in the process of organization. The loans were made, the notes were executed and the stock certificates delivered. The busi-

ness was completely liquidated by plaintiffs. The last of the physical assets were disposed of in July, 1930, and the last account due the partnership was collected in 1936.

In 1931, W. H. Booth, through an attorney, made a demand for damages. Nothing further seems to have developed at that time.

Under date of March 29, 1938, plaintiffs and Mulbar, through an attorney, made demand on defendants for $37,-333.32, damages, and for return of the three promissory notes and the stock pledged to secure their payment. Negotiations were conducted which resulted in the return of the promissory notes and the pledged stock and the execution of a written contract dated May 6, 1938, which recited that W. H. Booth, M. E. Crumley, and G. T. Mulbar, in consideration of the return of the notes and stock ''do hereby release and forever discharge G. W. Bond, Frank Bond, Clarence Bond and Edward Sargent, and each of them, from any and all claims, demands and liabilities which the undersigned or either or any of them may have against said G. W. Bond, Frank Bond, Clarence Bond and Edward Sargent, or either or any of them from the beginning of the world to the date of these presents.''

The answer of the defendants, other than Sargent, who was not served and did not appear, set forth seven separate defenses. The first was an answer to the allegations of the second amended complaint. The second pleaded the dissolution of the partnership under the contract of February 8, 1929, a copy of which was attached and made a part of the pleading by reference. The third pleaded the contract of dissolution and also the attorney's demand of March 29, 1938, a copy of which was incorporated in the pleading, the delivery of the three notes and the pledged stock and the release of May 6, 1938, a copy of which was attached to and made a part of the pleading by reference. Plaintiffs failed to deny the genuineness and due execution of any of these instruments. The other special defenses set up various statutes of limitation.

Defendants, except Sargent, moved the trial court to proceed with the trial of the issues raised by the special defenses under the provisions of section 597 of the Code of Civil Procedure, adopted in 1939, which provides that when the answer ''sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or

ground of abatement to the prosecution thereof, the court may, upon the motion of either party, proceed to the trial of such special defense or defenses before the trial of any other issue in the case.''

The motion was denied as to the second special defense and granted as to the others. The trial court then proceeded to a trial of the issues raised by the third special defense and did not find it necessary to consider the pleas of the various statutes of limitation. Findings, to the effect that the partnership had been dissolved and that plaintiffs had released defendants from all demands, were made in accordance with the allegations of this third special defense. Judgment was thereupon entered against plaintiffs and this appeal followed.

Plaintiffs urge that granting the motion to try the issues raised by the special defense in advance of the trial of the issues presented by plaintiffs' pleadings was error because those issues involved the merits of plaintiffs' cause of action.

The same procedure followed under other phrases of the section has been approved. See, *Johnston* v. *Ota*, 43 Cal. App.2d 94 [110 P.2d 507] ; *Goodman Bros.* v. *Superior Court*, 51 Cal.App.2d 297 [124 P.2d 644] ; *Whitney* v. *San Francisco*, 52 Cal.App.2d 363 [126 P.2d 367].

In *Eustace* v. *Dechter*, 53 Cal.App.2d 726 [128 P.2d 367], the defense of a written release was set up and that question was tried before the main issues were presented. The propriety of this procedure does not seem to have been questioned in either the superior or the appellate courts.

We can see no reason why the special defenses which would dispose of the case without a long trial should not have been tried before the trial of issues presented by plaintiffs. In fact this seems to be a most appropriate case in which to have followed the provisions of the new section. If the partnership had been dissolved by agreement there was no use in taking the time of the court in hearing an action for its dissolution and an accounting. If plaintiffs had released defendants from liability for damages, hearing their action to recover those damages would have been a waste of time. Certainly hearing these defenses did not involve the merits of plaintiffs' cause of action except to establish that they could not recover.

The clause of section 597 of the Code of Civil Procedure we are considering does not seem to have added a great deal

to powers of courts to regulate the order of proof under the provisions of section 2042 of the Code of Civil Procedure. Under the powers granted by that section it has been held that trial courts had authority to hear special defenses that would bar a recovery by a plaintiff. (*Estate of Wickersham,* 153 Cal. 603 [96 P. 311]; *Estate of Smith,* 176 Cal. 729 [171 P. 289]; *Smeland* v. *Renwick,* 50 Cal.App. 565 [196 P. 283].)

Plaintiffs urge that the release was executed without consideration to them as recovery on the promissory notes had been barred by the statute of limitations. There is no merit in this contention. As was said in *Brownfield* v. *McFadden,* 21 Cal.App.2d 208 [68 P.2d 993]:

"A contract is supported by a sufficient consideration if there is some benefit to the promisor or detriment to the promisee regardless of the amount of the benefit or detriment. (§ 1605, Civ. Code; 6 Cal.Jur. 168; 6 Ten-year Supp. 73, 74.) The cancellation of a preexisting debt, the release of security or the forbearance to sue, even though it subsequently appear that the forbearer might not have been successful in the suit, furnish sufficient consideration to uphold a contract. (6 Cal. Jur. 172, 173, and cases cited; cases cited in 6 Ten-year Supp. 74, 75.) These rules are too firmly established in California to need further citation of authority."

Plaintiffs complain of error in admitting evidence over their objection which they maintain was incompetent. Conceding, without holding, that their arguments are sound, this evidence could have had no bearing on the final judgment. Genuineness and due execution of both contracts and the letter were admitted by them by their failure to deny them. (§ 448, Code Civ. Proc.) The release was executed upon sufficient consideration and in settlement of an actual controversy which existed between the parties. Proof of those documents defeated any right of recovery by plaintiffs and any errors in admitting incompetent evidence could have had no effect on the ultimate decision.

It is unnecessary to consider other questions argued by the parties.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.