[Civ. No. 13106.   First Dist., Div. Two.   Apr. 12, 1946.]

ROBERT McCARTHY, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Edward T. Mancuso and Thos. J. Riordan for Petitioner.

Melvin M. Belli for Respondent.

GOODELL, J.—This proceeding arises out of an action for damages for breach of contract, pending in the Superior Court, San Francisco, wherein A. L. Adkins and John J. Wintersteen are plaintiffs and Robert McCarthy, the petitioner herein, is defendant. The complaint therein alleges that in 1942 petitioner engaged Adkins and Wintersteen to obtain for him certain contracts; that they procured two contracts for war housing projects at Richmond and one for a similar project at Alameda, and that petitioner's gross profit from the three contracts was $385,000; that ten per cent is a reasonable sum for their services, and that petitioner has refused to pay. The demand is for $38,500.

█ The petitioner filed an amended answer wherein by a separate defense he pleaded that by presidential orders contracts such as those sued on are illegal. The case is ready for trial before a jury. It is properly triable by jury (Code Civ. Proc., § 592) and the parties have stipulated to so try it.

Petitioner, proceeding under section 597, Code of Civil Procedure, made a motion for "an order to proceed to trial upon the special defense . . . that the alleged contract . . . is illegal and void as against public policy and good morals." The presiding judge in granting the motion made an order (obviously in the interest of efficiency and economy) reading as follows: "In this action the motion for a separate trial on the special issue of illegality . . . is granted but on condition that in the event the verdict of the jury on that issue is against the defendant the same jury shall forthwith proceed to hear testimony and render a verdict on the other issues in the case, and on the further condition that the evidence taken on the issue of illegality, so far as it is relevant, competent and material, shall be considered on the trial of the remaining issues of the case."

Petitioner later made a motion to strike the conditions from the order on the ground that the issue touching public policy is one of law which must be determined by the court. This motion came before the succeeding presiding judge, who denied it and then set the case for trial.

█ The petitioner alleges herein, and now contends, "that the action of said Respondent and the action proposed to be taken by Respondent Court in the selection of a jury for the trial of the issue of public policy involved therein are in excess of the jurisdiction and authority of said Respondent Court," and the prayer is that the respondent court be prohibited

"from further proceeding with said action by having a jury hear and determine the issue of public policy. . . ." In his brief petitioner says that the order "commands a jury trial of the issue of illegality raised by the amended answer . . ." and, again, that "respondent court has ordered that . . . a question of law be tried before a jury. . . ." These contentions presuppose that the condition attached to the order, i. e. "that in the event *the verdict of the jury on that issue [illegality]* is against the defendant the same jury shall forthwith proceed to hear testimony and render a verdict on the other issues in the case" (emphasis ours) constitutes a mandate to the trial court to submit to the jury questions of law as well as of fact arising on the special defense. No such mandate is to be found in the order. The words "the verdict of the jury on that issue" carry the implication that such verdict would be reached *only under proper instructions on the law,* for this goes without saying. And it must be assumed that the trial judge would *so* interpret the language. ▮ The petitioner's claim assumes and presupposes that the trial judge will commit error by disregarding the requirements that "An issue of law must be tried by the court . . ." and that "All questions of law . . . are to be decided by the court, and all discussions of law addressed to it." (Code Civ. Proc., §§ 591 and 2102.) The answer to that is that "A writ of prohibition will not issue to restrain the act of an inferior tribunal where it has jurisdiction over the subject-matter based on the assumption that the inferior court will rule erroneously." (*Heinecke* v. *Superior Court,* 27 Cal.App.2d 480 [81 P.2d 179].) Indeed the presumption is to the contrary, namely, that the court "will hear and determine all questions, and give a correct judgment thereon." (*Kinard* v. *Police Court,* 2 Cal. App. 179, 180 [83 P. 175].)

In the main case the superior court clearly has jurisdiction of the parties and the subject matter.

When the case reaches the trial department the judge responsible for the handling of the case from then on will have before him the litigation in *all* its phases, which was not the case when the two preliminary motions were made in the department of the presiding judge. He will have control of the order of proof (Code Civ. Proc, § 2042). In the light of all the circumstances then presenting themselves and in the exercise of his discretion he may conclude that the question of the legality of the contract is (a) purely one of law, in

which event he will presumably follow section 591 and excuse the jury until that question is out of the way; or (b) that its solution depends on the settlement of certain disputed facts, rendering it a question of mixed law and fact (17 C.J.S. p. 1278, § 615; e. g., *Allison* v. *Dodge,* 287 F. 621), in which event he will presumably submit to the jury under proper instructions such subsidiary questions of fact as have to be decided to aid him in ruling on legality, or will propound interrogatories calling for categorical answers on such fact questions. As was said in the Heinecke case, *supra,* "There is nothing to indicate what action the respondent court will take when the objections urged here by petitioner are presented to it, and this court will assume in the absence of a showing to the contrary that the rulings of the Superior Court will conform to the law and the facts as they are made to appear at the time of the hearing."

If the trial judge, with the whole case before him and upon due consideration of the business of the court, the convenience of litigants, attorneys, jurors, and witnesses and all other factors, should conclude that the conditions attached to the original order should be removed, he has the undoubted power *sua sponte* and unceremoniously to remove them, for the order was merely an "intermediate order or ruling" (*Estate of Rawson,* 66 Cal.App. 144, 145 [225 P. 474]) not binding on the trial judge (*Lawrence* v. *Ballou,* 37 Cal. 518, 521; *Wrightson* v. *Dougherty,* 5 Cal.2d 257, 265 [54 P.2d 13]). In *De la Beckwith* v. *Superior Court,* 146 Cal. 496, 499 [80 P. 717], there will be found a full discussion of the subject. See, also, *Kelly* v. *Liddicoat,* 35 Cal.App.2d 559, 564 [96 P.2d 186] and cases cited and 21 Cal.Jur. page 124. Late cases applying the rule are *Frantz* v. *Mallen,* 204 Cal. 159, 161 [267 P. 314]; *Bank of America* v. *Superior Court,* 20 Cal.2d 697, 702 [128 P.2d 357]; *Davis* v. *Stroud,* 52 Cal.App.2d 308, 315 [126 P.2d 409], and *Pulvermacher* v. *Los Angeles etc. Committee,* 61 Cal.App 2d 704, 711 [143 P.2d 974]. Indeed the petitioner recognized that the original order had no finality when he moved its amendment in an attempt to remove the conditions.

We express no opinion as to whether the issue of the legality of a contract is within the purview of section 597, Code of Civil Procedure. That section is limited to cases where "the answer pleads that the action is barred by the statute of limitations, or by a prior judgment, or that another action is

pending upon the same cause of action, or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof. . . ." In *Booth* v. *Bond,* 56 Cal.App.2d 153 [132 P.2d 520], the court concluded that the fact that the issues raised by the special defense involved the merits of the plaintiffs' cause of action did not prevent the trial in advance of those issues, in view of the power of the trial court which always existed to regulate the order of proof under section 2042, Code of Civil Procedure. But there is no necessity to pass on that question herein.

The alternative writ of prohibition is discharged and a peremptory writ is denied.

Nourse, P. J., and Dooling, J., concurred.