[Civ. No. 22611. First Dist., Div. Three. May 16, 1966.]

MIRIAM MILLER HARTMAN, Plaintiff and Appellant, v. BURKE E. BURFORD, as Executor, etc., et al., Defendants and Respondents.

Hutchinson & Quattrin and J. Albert Hutchinson for Plaintiff and Appellant.

Burford, Hubler & Burford, Carr, McClellan, Ingersoll, Thompson & Horn, Luther M. Carr, David C. Carr and Thomas, Snell, Jamison, Russell, Williamson & Asperger, Alef & Schnitzer and Arthur Alef for Defendants and Respondents.

SALSMAN, J.—The appellant brought this action seeking specific performance of an oral agreement alleged to have been made between her parents, Austin and Katherine Miller, whereby the parents agreed to leave their respective estates to each other, on the understanding that the survivor would leave his or her estate to their three children in equal shares. Respondents denied the existence of the oral agreement. Appellant demanded a jury trial. The jury found that appellant's parents had not entered into the alleged oral agreement. The trial judge, considering the verdict of the jury to be advisory only, adopted it as his own, but also found independently that the oral agreement had not been established, and entered judgment for respondents.

Appellant's principal contentions on appeal relate to her right to jury trial, error in the admission of certain evidence, and in the giving and withholding of jury instructions.

Austin Miller died in 1955 and left his entire estate to appellant's mother Katherine. Shortly after Austin's death Katherine executed a will leaving her property to her three children in equal shares. Before her death in 1960, however, Katherine executed her last will, by the terms of which she left one-third of her estate to each of two children, and placed the remaining one-third in trust for the benefit of appellant. Under the terms of the trust appellant is to receive from trust income only such sums as the trustee, in his sole discretion, deems necessary to supplement her other income ". . . to provide for her support and maintenance." Upon appellant's death, the remaining trust property is to be distributed to Katherine's living grandchildren.

The decisive issue on appeal concerns appellant's right to a jury trial. If appellant had a right to have the issues decided by a jury, then errors in the admission of evidence and in instructions to the jury become important, and if present. their prejudicial effect must be considered. On the other hand, if appellant was not entitled to a jury trial, errors in the admission of evidence assume lesser importance, and any misdirection of the advisory jury would be immaterial. We have concluded that appellant did not have a right to a jury trial, and therefore affirm the judgment.

Appellant's complaint stated two causes of action. The first sought relief in the nature of specific performance of the oral agreement alleged to have been made between appellant's parents. The second alleged that the provisions of Katherine's will were in violation of the oral agreement, and hence constituted fraud upon her as one of the beneficiaries. Appellant, in her prayer for relief, requested that the executor and legatees of Katherine's will be ordered to hold an undivided one-third interest in Katherine's estate for the benefit of appellant, and upon distribution that they be ordered to deliver such share to her. It is clear from a reading of the complaint that each of these causes of action is equitable in nature and that the relief sought is the kind of relief traditionally granted only in a court of equity.

■ Article I, section 7 of the California Constitution guarantees a right to trial by jury in actions triable by a jury at common law. In general this means that a party is entitled to a jury trial of the issues raised in an action at law. (Code Civ. Proc., § 592; *Connell* v. *Bowes,* 19 Cal.2d 870, 871 [123 P.2d 456] ; *Paularena* v. *Superior Court,* 231 Cal.App.2d 906, 911 [42 Cal.Rptr. 366].) But where, as here, the pleadings disclose that the action is essentially one in equity and that the relief demanded depends upon the application of equitable doctrines, the parties are not entitled to a jury trial. (*Ballou* v. *Avery,* 175 Cal. 641, 643 [166 P. 1003] ; *Fish* v. *Benson,* 71 Cal. 428, 435 [12 P. 454] ; *Tibbitts* v. *Fife,* 162 Cal.App.2d 568, 571-573 [328 P.2d 212].) ■ Here appellant seeks a kind of relief that has been described as "quasi specific performance." (*Bank of California* v. *Superior Court,* 16 Cal.2d 516, 524 [106 P.2d 879] ; *Ludwicki* v. *Guerin,* 57 Cal.2d 127, 130 [17 Cal.Rptr. 823, 367 P.2d 415].) The prayer of the complaint is for a decree declaring that respondents hold one-third of the estate of Katherine for the benefit and account of appellant. Thus the action is clearly one in equity, seeking equitable relief, and jury trial is not a matter of right.

As we have noted, appellant demanded a jury trial. The jury found that the oral agreement claimed by her had not been entered into by her parents, Austin and Katherine. The trial judge treated the verdict of the jury as advisory and made his own findings of fact. He too concluded that the alleged oral agreement had not been established. This was proper, since ultimate responsibility for findings and judgment rested with the court and not the jury. (*Ostrom* v. *De Yoe,* 4 Cal.App. 326, 330 [87 P. 811].)

The principal evidence relied upon to establish the alleged agreement was the testimony of appellant. The trial judge could and did weigh and evaluate this testimony in the light of all other evidence in the case. There was testimony from other family members which, together with other evidence, tended to contradict appellant's testimony and from which the court could reasonably infer that the claimed oral agreement had never been entered into by appellant's parents.

Appellant contends, however, that she was denied a fair trial. It is urged that a great deal of evidence was admitted relating to her alleged alcoholism, and that this evidence was highly prejudicial to her case. The court's instructions to the jury are also attacked and objection is made to a failure on the part of the court to properly instruct the jury on applicable principles of law. We cannot entertain these objections. We agree that the evidence of which appellant complains had no proper place in the trial and that it may have diminished the weight of her testimony in the eyes of the jury. We agree also that some of the instructions to the jury are subject to criticism and that in a proper case, other jury instructions suggested by appellant might have been required. But here a jury trial was not a matter of right. The jury's verdict was purely advisory and independent findings by the court were necessary. (*Myrick* v. *Bruetsch*, 13 Cal.App.2d 219, 225 [56 P.2d 591].) The court made such findings and properly entered its judgment based upon its findings. We must assume that the trial judge sifted the evidence and in arriving at his findings rejected inadmissible evidence and disabused his mind of evidence which might have caused prejudice if the action had been one properly triable before a jury. Errors in the admission of evidence and instructions to the jury are not grounds for reversal of the judgment where the verdict of the jury is purely advisory and the court has made its own independent findings on evidence sufficient to sustain the judgment. (See *Cutter Laboratories, Inc.* v. *R. W. Ogle & Co.*, 151 Cal.App.2d 410, 419 [311 P.2d 627].)

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied June 15, 1966, and appellant's petition for a hearing by the Supreme Court was denied July 13, 1966.