[Civ. No. 39961. First Dist., Div. Four. Jan. 30, 1978.]

MARIANN GREGORY, Plaintiff and Appellant, v.
ROBERT L. HAMILTON, Defendant and Respondent.

**COUNSEL**

Charles McGarry and Francis T. Cornish for Plaintiff and Appellant.

Nagle, Vale, McDowall & Cotter and William D. McDowell for Defendant and Respondent.

## OPINION

**ROTHENBERG, J.***—This case involves the problem of the unsettled settlement. Plaintiff-appellant Mariann Gregory (hereafter appellant) appeals from an order of the Santa Clara County Superior Court, compelling enforcement of a compromise settlement and awarding her judgment against defendant-respondent (hereafter respondent) Robert L. Hamilton, in the sum of $7,500.[1] The central issue in the case is the propriety of the court's order and entry of judgment in favor of appellant pursuant to an oral compromise settlement which appellant claims was invalid.

### FACTS

An action was filed by appellant and her mother, Frances Gallo, as the result of injuries sustained by them in an automobile accident which took place on August 12, 1971. The case was set for a mandatory settlement conference on June 5, 1975, and for trial on June 9, 1975. Both prior to and at the settlement conference, respondent's attorney offered to settle the case for $7,500 to appellant and $1,250 to Mrs. Gallo. At the conference, appellant's then attorney discussed the offer with her, but she rejected it. On the date set for trial, the case was assigned for further settlement conference. The parties and their attorneys proceeded to the judge's chambers for a final attempt at settlement. The offers were again made. After an extended discussion with the judge and counsel, both appellant and her mother apparently accepted the offers while in the judge's chambers; the matter was ordered off calendar by the judge "as settled."

Several days afterwards, drafts of releases were sent by respondent's attorney to appellant's then attorney. Mrs. Gallo signed her release but appellant refused to sign hers.

On March 8, 1976, respondent filed a "notice of motion for order compelling enforcement of compromise settlement agreement and

---

*Assigned by the Chairperson of the Judicial Council.

[1]Technically, the order appealed from is nonappealable. (Code Civ. Proc., § 904.1.) However, since the notice of appeal makes it clear that the subsequently entered judgment was intended to be appealed from, we construe the appeal as taken from the judgment. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 333, 336.) Furthermore, appellant is not precluded from appealing from a judgment in her favor, since she is adversely affected by it. (Witkin, *op. cit.,* § 121, p. 4118; cf., *Hemry* v. *Amos* (1925) 197 Cal. 139 [239 P. 1059].)

judgment thereon." The notice of motion stated it would be based upon the oral and documentary evidence to be presented upon the hearing of said motion; it was accompanied by an affidavit and points and authorities. Appellant, through her present attorneys, filed an opposition to the motion with accompanying declarations from appellant and her husband, who had been present at the conference. The opposition, filed March 22, 1976, was based upon lack of the attorney's authority and the client's unilateral mistake.

A hearing on the motion was held on March 24, 1976; respondent presented the testimony of the former attorney who testified that at various times on the morning of June 9, he had discussed the offers with appellant and her mother and recommended that they accept them. He stated that at the conference in the judge's chambers, appellant finally accepted the offer: "What words she used I don't know, but she agreed to settle the case at that figure, and there was no question in my mind or [the judge's] mind that that case was settled at that figure." He further stated that, although the parties had discussed the possibility that appellant would need future surgery, "I made it abundantly clear that the settlement reached that day would be unconditional." At the conclusion of this testimony, appellant's attorney requested, and was granted, a continuance to arrange for the testimony of appellant and her husband.

On May 19, 1976, the date for the continued hearing, appellant filed supplemental points and authorities raising the impropriety of the motion procedure; the stated ground of objection was that defense of compromise should be pleaded as a defense in the action pending. At the same time appellant filed a declaration by her doctor.

Appellant's testimony confirmed that offers were made at the conferences on June 5 and June 9, and that she rejected the June 5 offer. She denied that she discussed the settlement offer with her former attorney at any time on the morning of June 9 prior to meeting with the judge. She further testified that at the June 9 conference the judge told her that the settlement offer was a good one, that she should take the advice of her counsel, that she was not going to receive any more money and that "that would be the best offer." Her then attorney also told her to take the money. Appellant stated that she would "take the advice of my counsel." She testified that she was under medication that day in that she had taken empirin with codeine and valium, that her counsel never informed

her that the offer was unconditional, and that she believed she had no choice but to accept the offer.

Following the hearing, and the filing of additional points and authorities, the matter was submitted. The trial court ordered that appellant be awarded judgment in the sum of $7,500 in accordance with the compromise agreement. Judgment was entered accordingly, and this appeal ensues.

### DISCUSSION

A. Was the trial court's action in enforcing the compromise settlement by way of a motion improper?

■ Appellant's main contention is that the procedure employed by the trial court in the present case was improper and impermissible. She claims that the trial court had no authority to try the issue of whether there had been a compromise or settlement by way of motion; rather, the proper procedure would have been for respondent to "either bring a separate action on the settlement, or apply for leave to file supplemental pleadings and plead the settlement as a defense to the original cause of action."

The "Motion for Order Compelling Enforcement of Compromise Settlement Agreement" is a "speaking motion," since affidavits were submitted and testimony taken. Appellant asserts that there is no precedent for the procedure employed herein, and urges reversal of the judgment with directions to place the action on the trial calendar. Respondent counters that the above motion was one of several alternatives available to him to enforce a settlement agreement, that California cases recognize the procedure here employed, and that employment of the methods suggested by appellant would have resulted in virtually the same proceedings.

No California cases have been discovered which expressly sanction the use of the procedure followed in this action.

In California, the methods which appear to be available to a defendant who wishes to enforce a compromise settlement are a separate action to compel enforcement of the agreement (see 12 Cal.Jur.3d, Compromise, Settlement, and Release, §§ 67-69), or interposition of the agreement as a special defense by way of supplemental pleadings.

(*Kreling* v. *Walsh* (1947) 77 Cal.App.2d 821, 824 [176 P.2d 965]; *Booth* v. *Bond* (1942) 56 Cal.App.2d 153, 155-156 [132 P.2d 520].) The latter method appears especially favored, since under Code of Civil Procedure section 597, the defendant may have the court try the affirmative defense of compromise first, before proceeding to the merits of the action.[2] (*Kreling, supra,* at p. 835; *Booth, supra,* at pp. 156-157.)

However, our courts do not regard the above procedures as inflexible. Thus in *Silver* v. *Shemanski* (1949) 89 Cal.App.2d 520 [201 P.2d 418], the validity of a compromise agreement was challenged by way of cross-complaint, not by way of special defense, in the main action. (*Id.,* at pp. 527-528.) Upon cross-defendant's motion, the validity of the compromise was tried first, by an order regulating the order of proof, before trial on the merits of the action. The agreement was found to be effective and the entire action was ordered dismissed.

The problem with a motion procedure was discussed in *Gardner* v. *Shreve* (1949) 89 Cal.App.2d 804 [202 P.2d 322], a case not cited by either party. There, plaintiff moved for summary judgment on a claim of money; defendant countered with acceptance of a note in satisfaction. At a hearing on the motion, both plaintiff and defendant were called to testify on matters which were covered in the affidavits. At the end of the testimony, the judge announced that he was granting the motion. Defendant's counsel protested that there was a conflict in the evidence which defendant was entitled to have tried. The judge responded that "you have tried it here now. This Court can hear and decide a conflict on a motion like this." On appeal, plaintiffs contended that there had taken place a trial of special defense under Code of Civil Procedure section 597. The Court of Appeal, by dicta, rejected that claim in the following language: "As this court said in *McCarthy* v. *Superior Court,* 73 Cal.App.2d 943, 946-47 [167 P.2d 744]: 'That section is limited to cases where "the answer pleads that the action is barred by the statute of limitations, or by a prior judgment, or that another action is pending upon the same cause of action, or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof. . . ." In *Booth* v. *Bond,* 56 Cal.App.2d 153 [132 P.2d 520], the court concluded that the fact that the

---

[2]Code of Civil Procedure section 597 provides, in pertinent part: "When the answer . . . sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof, the court may, upon the motion of either party, proceed to the trial of such special defense or defenses before the trial of any other issue in the case . . . ."

issues raised by the special defense involved the merits of the plaintiffs' cause of action did not prevent the trial in advance of those issues, in view of the power of the trial court which always existed to regulate the order of proof under section 2042, Code of Civil Procedure. But there is no necessity to pass on that question herein.' Even if separate trial under this section might have been permissible the record does not show that such a trial actually took place. It does not show a motion of either party for such trial nor an order of the court deciding such motion nor any step to set a trial nor any waiver of jury trial in conformity with section 631 of the Code of Civil Procedure. Under rule 52 of the Rules on Appeal we cannot presume that any such action was taken when it is not contained in the record. *Alkus* v. *Johnson-Pacific Co.,* 80 Cal.App.2d 1 [181 P.2d 72]; *Palpar, Inc.* v. *Thayer,* 82 Cal.App.2d 578, 583 [186 P.2d 748]." (*Id.,* at pp. 808-809.) Obviously a motion for summary judgment is not a procedure for fact resolution, but only to determine if triable issues of fact exist; such was the actual holding in *Gardner.*

Appellant argues that she is entitled to a full hearing "like any other action at law," including a jury trial. This argument assumes that there would be an action at law. Respondent was fully entitled to have brought an action in equity to compel specific performance of the compromise agreement. (12 Cal.Jur.3d, Compromise, Settlement, and Release, § 69, pp. 375-376; see also Annot., Accord or Compromise—Breach—Remedies, 94 A.L.R.2d 504, 518-519; Annot., Specific Performance of Compromise and Settlement Agreement, 48 A.L.R.2d 1211.) It is indisputable that money damages could not provide the relief which respondent seeks, i.e., release from liability. Therefore, the breach complained of must be remedied in equity by compelling performance. (See *Hemry* v. *Amos, supra,* 197 Cal. 139, 142; 45 Cal.Jur.2d, Specific Performance, § 9, p. 259.) The motion, in this case, was in the nature of specific performance. It is well established that there is no right to a jury trial in an equitable action for specific performance. (*Schaefer* v. *United Bank & Trust Co.* (1930) 104 Cal.App. 635, 641-642 [286 P. 723]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 71, p. 944.) Appellant would have no right to a jury trial.[3]

---

[3]As the commentator in the A.L.R. Annotation, Accord or Compromise—Breach —Remedies, observed: "It may be contended by the creditor that he is entitled to a jury trial on his antecedent claim, rather than having such a trial precluded by proceedings in equity. Such a contention, standing alone, appears to be without merit. The creditor's right to a jury trial should be no greater than the right of anyone else who attempts a breach of contract and is prevented by an equity court from doing so." (94 A.L.R.2d 504, 519, fn. 11.)

In specific performance actions involving both legal and equitable issues, there would be a right to a jury trial on the legal issues. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 77, p. 2911, and cases cited therein.) In this case respondent sought neither damages nor any other form of legal relief. Appellant tendered the issue of the very existence of the agreement. In an equitable action the court must determine the existence of the agreement. (*Hartman* v. *Burford* (1966) 242 Cal.App.2d 268, 270 [51 Cal.Rptr. 309].) The burden of proving all the material allegations of the agreement rests on the moving party. (*Pasqualetti* v. *Galbraith* (1962) 200 Cal.App.2d 378 [19 Cal.Rptr. 323] [mistake in description raised by the answer].) There were no mixed or severable legal and equitable issues which would entitle appellant to a jury trial.

Equitable relief may be obtained by the summary remedy of a motion in an already existing action. (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 179, p. 3749.) The broad condemnation of nonstatutory speaking motions contained in *Pianka* v. *State of California* (1956) 46 Cal.2d 208 [293 P.2d 458], was narrowed in *Lavine* v. *Jessup* (1957) 48 Cal.2d 611 [311 P.2d 8] to motions to dismiss a complaint as sham. In *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], the court reaffirmed its limited holding, disapproving a defendant's motion to strike a pleading, or a motion to dismiss. The motion in this case is neither a motion to strike nor a motion to dismiss. Not only is there no prohibition against the procedure employed in this case, there is express authority in favor of this method of securing equitable relief.

B. Was the court's decision that a compromise settlement had been reached supported by substantial evidence?

■ Much of appellant's brief contains a factual argument from the evidence most favorable to her in furtherance of the contention that the order of the trial court was not supported by the evidence.

This claim is patently without merit. There was substantial evidence to support the order. All issues of credibility are within the province of the trier of fact. (*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480].) The testimony of a single witness will

constitute substantial evidence for the purpose of appeal. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 248, p. 4240, and cases cited therein.)

C. Was the court without power to enter judgment in favor of appellant?

■ Appellant complains that the court was without power to enter a judgment in her favor, since the compromise agreement contemplated no such thing, but rather payment by respondent and dismissal of the action by appellant. However, it is recognized that a compromise agreement operates as a merger and bar of all preexisting claims and causes of action (12 Cal.Jur.3d, Compromise, Settlement, and Release, § 55, p. 353) and is as binding and effective as a final judgment itself (*Armstrong* v. *Sacramento Valley R. Co.* (1919) 179 Cal. 648, 651 [178 P. 516]). Thus, entry of judgment in favor of appellant in conformance with the compromise is not improper, and indeed has been sanctioned in the past. (*Hemry* v. *Amos, supra,* 197 Cal. 139, 142.)

## CONCLUSION

The court had jurisdiction of the subject matter and jurisdiction over the parties. Notice was given and full hearing rights afforded. It thus appears that appellant was in no way prejudiced by the procedure employed below, and her only real quarrel is with the decision reached by the trial court. Had respondent proceeded by way of a separate action or defense for enforcement of the agreement, the proceedings would have been virtually identical to that followed here. Just as in *Silver* v. *Shemanski, supra,* 89 Cal.App.2d 520, where the procedure did not completely fit the pattern of section 597 of the Code of Civil Procedure, the court stated: "The rule in question is supported by reasons based upon the economical and speedy administration of justice." (*Id.* at p. 530; see also Civ. Code, § 3528.)

We commend this simplified method of fact resolution. To require that an independent equitable action be brought, or that settlement be pleaded as a separate defense, would require more pleadings, more paper work, more attorney's fees,[4] and more delay. This matter was

---

[4]It should be noted that a personal injury defense attorney was minimizing his fees by suggesting the procedure in question.

handled in an expeditious manner while affording full hearing rights to all involved.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.