113 Cal.App.3d 59 (1980)
169 Cal. Rptr. 629
CHARLES OLSON, Plaintiff, Cross-defendant and Appellant,
v.
DAMON ARNETT et al., Defendants, Cross-complainants and Respondents.
Docket No. 56380.
Court of Appeals of California, Second District, Division Five.
December 10, 1980.
*62 COUNSEL
William Jerome Pollack and Joan Celia Lavine for Plaintiff, Cross-defendant and Appellant.
Coyle, Marrone & Robinson, Phillip R. Marrone, Donald R. Worley and Randy Rezen for Defendants, Cross-complainants and Respondents.
*63 OPINION
ASHBY, J.
Appellant Charles Olson appeals from a judgment in favor of respondents Damon and Donald Arnett and Rick and Randall Chadock on respondents' cross-complaint for specific performance of a settlement agreement and damages for breach of such agreement.
Appellant sued respondents and others for personal injuries arising out of a motorcycle accident. Apparently the matter was scheduled to go to trial in October 1977. In a telephone conversation on October 6, 1977, between respondents' attorneys and appellant's attorneys, the case was settled for $15,000. Respondents' attorneys delivered a $15,000 draft to appellant's attorneys on October 7, but appellant and his attorneys returned the check, and did not return any releases or request for dismissal, claiming respondents had not complied with all the conditions of the settlement.
On October 19, 1977, respondents moved for an order bifurcating trial in order to try separately respondents' special defense labeled "Accord and Satisfaction." On December 8, 1977, the trial court permitted respondents to file a cross-complaint for specific performance to compel execution of the settlement agreement or in the alternative for damages for breach of the agreement. The cross-complaint also sought damages for substantial attorney's fees which respondents allegedly were required to incur in light of appellant's wrongful continuation of the underlying action.
After appellant's objection to the filing of the cross-complaint was overruled, appellant agreed that any further delay was not in his interest, and the bifurcated trial of the affirmative defense and the cross-complaint began that day.
The court submitted the issues to a jury by means of a special verdict involving five questions, which the jury answered as follows:
"Issue No. 1. Did the plaintiff's attorneys (William Pollack's Law Office) offer to accept the sum of $15,000.00 in full settlement of the plaintiff's claim against the defendants Arnetts and Chadocks on September 30, 1977? Answer `yes' or `no.'
"Answer: Yes.
*64 "Issue No. 2. Did the plaintiff Olson accept the settlement agreement negotiated by his attorney? Answer `yes' or `no.'
"Answer: Yes.
"Issue No. 3. Did the offer to settle (September 30, 1977) depend upon Arnett and Chadock's attorneys' written assurance that there was no further insurance coverage? Answer `yes' or `no.'
"Answer: No.
"Issue No. 4. If there was an agreement to settle, and if the settlement was accepted, and if Pollack's office later refused the acceptance, were the Arnetts and Chadocks damaged by this action? Answer `yes' or `no.'
"Answer: Yes.
"Issue No. 5. If Issue No. 4 was answered `yes' what is the amount of damages?
"Answer: $5,000."
The trial court ordered judgment on the special verdict as follows: "NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that plaintiff and cross-defendant shall specifically perform each and every provision of said settlement agreement, and shall execute those Releases and Requests for Dismissal with Prejudice necessary to effectuate said agreement.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants and cross-complainants shall recover from plaintiff and cross-defendant the sum of $5,000.00 as and for attorneys' fees and costs, which damages were necessarily incurred in defending against the underlying action for personal injuries and prosecuting the cross-complaint subsequent to the breach of said settlement agreement."

CONTENTIONS
Appellant contends (1) that the trial court abused its discretion and denied appellant due process notice by proceeding to trial the same day the cross-complaint was permitted to be filed; (2) that the evidence is *65 insufficient to show there was a settlement; (3) that the court erred in submitting a special verdict to the jury rather than instructing the jury on contract principles; and (4) that the court erred in permitting respondents to recover their attorneys' fees as damages for breach of the settlement agreement. We agree with appellant that the attorneys' fees were not recoverable but find appellant's other contentions to be without merit.

FILING OF CROSS-COMPLAINT
(1) There is no merit to appellant's contention he was denied adequate notice by the filing of the cross-complaint and the commencing of the bifurcated trial on the same day, December 8, 1977. As early as October 19, 1977, respondents had moved for a bifurcated trial of their special defense of accord and satisfaction. The declaration of Thomas Foster in support of that motion set forth in detail the circumstances of the settlement agreement. The cross-complaint based on the settlement agreement involved the same circumstances. Appellant has not shown he was prejudiced by the court's ruling commencing the bifurcated trial on the same day the cross-complaint was permitted to be filed. The underlying action had been scheduled to go to trial in October. Appellant was on notice at least since October 19 that there would be a defense based on the settlement agreement. No elaborate trial preparation was required, since the bifurcated trial on the settlement agreement involved negotiations taking place only two months before, among the attorneys themselves. In fact, appellant agreed with the court that any further delay was not in his interest.[1]

SUFFICIENCY OF EVIDENCE
(2) Appellant's main defense to the settlement agreement was that the agreement required as a condition precedent, never fulfilled, that respondents' attorneys furnish a declaration under penalty of perjury that $15,000 was the policy limit and that no other insurance was available. The jury found that this was not a condition of the agreement, and the only question is whether there is substantial evidence to support that determination. (Gregory v. Hamilton (1978) 77 Cal. App.3d 213, 220 [142 Cal. Rptr. 563].)
*66 The attorneys who negotiated the settlement on behalf of respondents testified that, although there had been discussion of policy limits, appellant's attorneys never demanded prior to October 7 that respondents furnish a declaration on policy limits as a condition to the settlement. According to respondents' attorneys, this objection was raised for the first time the afternoon of October 7, after the matter had been settled by telephone on October 6 and the $15,000 draft had been delivered the morning of October 7.
Appellant's attorney, Mr. Pollack, admitted that his settlement demand letter of September 30 did not set forth any such condition. In light of the testimony of respondents' attorneys as to the circumstances of this case in particular and general custom in the personal injury business, the jury was not required to believe Pollack's testimony that such a condition was routine and was implicit in his settlement demand. Substantial evidence supports the verdict.
(3) Appellant also contends the evidence is insufficient to show that appellant's attorney had authority to settle on October 6. However, the jury found that appellant accepted the settlement agreement negotiated by his attorney. This conclusion was supported by the evidence that appellant indorsed the $15,000 draft, even though appellant's attorney subsequently returned the draft to respondents' attorneys, and the evidence that appellant apparently signed the releases, which were not returned. (See Robinson v. Hiles (1953) 119 Cal. App.2d 666, 672 [260 P.2d 194]; see also Gagnon Co., Inc. v. Nevada Desert Inn (1955) 45 Cal.2d 448, 460-461 [289 P.2d 466].) Although appellant testified he signed the draft with the understanding that it would be held until respondents furnished declarations about policy limits, the jury was not required to accept this testimony.

INSTRUCTIONS
Appellant contends the trial court erred in submitting the case on the special verdict rather than instructing the jury in detail on principles of contract law. (4) This issue was waived by appellant's failure to object to the special verdict form or to request contract instructions below. (See Downing v. Barrett Mobile Home Transport, Inc. (1974) 38 Cal. App.3d 519, 523 [1132 Cal. Rptr. 277]; Napa Val. Pkg. Co. v. S.F. etc. Funds (1911) 16 Cal. App. 461, 469 [118 P. 469].)
*67 (5) Appellant fails to demonstrate that the special verdict questions submitted to the jury were inadequate to deal with the material issues raised in the trial of the special defense. The trial court did not abuse its discretion to utilize a special verdict. (Perry v. Schwartz (1963) 219 Cal. App.2d 825, 827-828 [33 Cal. Rptr. 511]; Code Civ. Proc., §§ 624, 625.)

ATTORNEY'S FEES
Respondents initially raised the settlement issue as a special defense barring appellant's action. (Gregory v. Hamilton, supra, 77 Cal. App.3d 213, 217-220; Silver v. Shemansky (1949) 89 Cal. App.2d 520, 530 [201 P.2d 418].) However, in their cross-complaint they sought not only to specifically enforce the settlement agreement by way of securing releases or dismissals, but also affirmatively to recover their attorney's fees expended in the continuation of the underlying action and in enforcing the settlement agreement. These expenses, claimed to be over $10,000, were found by the jury to be $5,000 and were included in the judgment as damages. We hold the trial court erred in awarding respondents attorney's fees as damages.[2]
Respondents contend that when appellant repudiated the settlement, respondents were forced to continue to employ attorneys and that therefore their attorney fees logically flow as damages from the breach. (See Civ. Code, § 3300.) (6) However, to allow respondents to recover their attorney's fees would be contrary to the well-established rule that in the absence of a special statute or a contractual provision for attorney's fees, the prevailing party is not entitled to recover attorney's fees from his opponent. (Viner v. Untrecht (1945) 26 Cal.2d 261, 272 [158 P.2d 3]; Reid v. Valley Restaurants, Inc. (1957) 48 Cal.2d 606, 610 [311 P.2d 473]; Amer. Aero. Corp. v. Grand Cen. Aircraft Co. (1957) 155 Cal. App.2d 69, 83 [317 P.2d 694]; Code Civ. Proc., § 1021; Civ. Code, § 1717; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 116, p. 3267; 23 Cal.Jur.3d, Damages, § 102, p. 201.)
The instant case is based on a contract, the agreement to settle the underlying action. There is no contention or evidence there was any *68 provision in the contract for attorney's fees. Appellant breached his contract, and respondents had to employ attorneys in order to enforce that contract. We think this case is not basically different from any other contract action where the nonbreaching party is forced to employ an attorney to enforce the contract but is not entitled to his attorney's fees as damages. Respondents cite no controlling authority which supports their recovery of attorney's fees in these circumstances. This case does not involve bad faith oppression of an insured by an insurer (Mustachio v. Ohio Farmers Ins. Co. (1975) 44 Cal. App.3d 358, 363 [118 Cal. Rptr. 581]), or a breach of an insurer's duty to defend its insured (State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co. (1970) 9 Cal. App.3d 508, 528 [88 Cal. Rptr. 206]). Nor is this a case where a wrongdoer's tortious act compels another to engage in litigation against a third person. (Prentice v. North Amer. Title Guar. Corp. (1963) 59 Cal.2d 618, 620 [30 Cal. Rptr. 821, 381 P.2d 645]; Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal. App.3d 104, 112 [128 Cal. Rptr. 901].)
(7) Respondents also cite the power asserted by federal courts to award attorney's fees in a case where the losing party acted in bad faith, vexatiously, wantonly, and for oppressive reasons. (Hall v. Cole (1973) 412 U.S. 1, 5 [36 L.Ed.2d 702, 707-708, 93 S.Ct. 1943]; see Alyeska Pipeline Co. v. Wilderness Society (1975) 421 U.S. 240, 258-259 [44 L.Ed.2d 141, 153-154, 95 S.Ct. 1612].) However, this doctrine does not prevail in California. Young v. Redman (1976) 55 Cal. App.3d 827, 834, 838-839 [128 Cal. Rptr. 86]; Bauguess v. Paine (1978) 22 Cal.3d 626, 634, 638-639 [150 Cal. Rptr. 461, 586 P.2d 942]; Twentieth Century-Fox Film Corp. v. Harbor Ins. Co. (1978) 85 Cal. App.3d 105, 114 [149 Cal. Rptr. 313]; Coalition for L.A. County Planning etc. Interest v. Board of Supervisors (1977) 76 Cal. App.3d 241, 246, fn. 3 [142 Cal. Rptr. 766]; Metzger v. Silverman (1976) 62 Cal. App.3d Supp. 30, 37 [133 Cal. Rptr. 355].)[3]
(8) Finally, respondents cite the rule that in an action for malicious prosecution a plaintiff may recover as compensatory damages the attorney's fees expended in defending against the prior action. (Bertero v. National General Corp. (1974) 13 Cal.3d 43, 59 [118 Cal. Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; Kennedy v. Byrum, 201 Cal. App.2d 474, 482.) However, in order to prevail in malicious prosecution, the *69 plaintiff must prove that the prior action commenced by the defendant (1) was legally terminated in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice. (Bertero v. National General Corp., supra, at p. 50; Kennedy v. Byrum, supra, at pp. 479-480.)
(9) In the instant case the issues of lack of probable cause, malice or bad faith were never considered by the jury. Moreover, at the time of trial it was impossible for respondents to prove prior favorable termination. If what respondents seek is damages for malicious prosecution (continuation) of the underlying action, they cannot get such damages by way of a cross-complaint in the same action. (Babb v. Superior Court (1971) 3 Cal.3d 841, 845-850 [92 Cal. Rptr. 179, 479 P.2d 379].)
Insofar as the judgment awards damages on the special verdict, it is reversed. In all other respects, the judgment is affirmed. The parties are to bear their own costs on appeal.
Kaus, P.J., and Stephens, J., concurred.
A petition for a rehearing was denied January 8, 1981, and appellant's petition for a hearing by the Supreme Court was denied February 5, 1981.
NOTES
[1] Appellant also contends the cross-complaint contained technical defects which would have been demurrable. We need not review these contentions since it is clear at this stage that appellant was not prejudiced thereby. (Page v. Page (1962) 199 Cal. App.2d 527, 532 [18 Cal. Rptr. 897]; Goble v. Dotson (1962) 203 Cal. App.2d 272, 282 [21 Cal. Rptr. 769].)
[2] Appellant's suggestion that respondents had no standing to seek attorney's fees because respondents' insurance company paid the fees, is without merit. (See Helfend v. Southern Cal. Rapid Transit Dist. (1970) 2 Cal.3d 1, 9-10 [84 Cal. Rptr. 173, 465 P.2d 61]; Hrnjak v. Graymar, Inc. (1971) 4 Cal.3d 725, 729-730 [94 Cal. Rptr. 623, 484 P.2d 599]; Inglewood Park M. Co. v. Ferguson (1935) 9 Cal. App.2d 217, 218 [49 P.2d 305].)
[3] County of Inyo v. City of Los Angeles (1978) 78 Cal. App.3d 82, 91-93 [144 Cal. Rptr. 71], cited by respondents, does not adopt the federal rule. The court said it would "assume" the existence of the power but would "abstain from affirming the power and reject the claim for lack of merit." (Id., at p. 91.)