24 F.3d 249
 1994-2 Trade Cases P 70,762
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SOUTHERN CALIFORNIA TITLE CO., Plaintiff-Appellant,
v.
SECURITY UNION TITLE INSURANCE CO.; Chicago Title Insurance
Co., Defendants-Appellees. (Two Cases)
SOUTHERN CALIFORNIA TITLE CO., Plaintiff-Appellee,
v.
SECURITY UNION TITLE INSURANCE CO.; Chicago Title Insurance
Co., Defendants-Appellants.
 Nos. 93-55027, 93-55377 and 93-55378.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1994.
Decided April 21, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Southern California Title Company (SoCal) brought an antitrust action against Security Union Title Co. (Security) and Chicago Title Insurance Co. (Chicago). The district court granted summary judgment against SoCal because it agreed with Security and Chicago that a release executed by SoCal barred the action. The court then awarded some attorneys fees to Security and Chicago. SoCal appeals the summary judgment and the fees. Security and Chicago thought that the fee award was too miserly, so they appealed that and the denial of costs. We affirm.
 
 
 3
 (1) The Summary Judgment.
 
 
 4
 Paragraph 5 of the release broadly states that
 
 
 5
 "Chicago and [SoCal] ... together with all ... other entities for whom each of them is authorized to do business, hereby fully and completely release and discharge each other, ... from any and all claims and causes of action, known or unknown, of whatsoever kind, nature and description which Chicago and [SoCal] have, may have or claim to have, ... against each other and the persons and entities related to each other as hereinabove set forth."
 
 
 6
 We agree with the district court that the language is broad, clear, and dispositive.
 
 
 7
 The evidence before the district court showed, without question, that Security was one of the related entities referred to in paragraph 5--it was described in that paragraph because it is an entity for which Chicago is authorized to do business.
 
 
 8
 In addition, the release provided further evidence of its breadth and application to Security in paragraph 2, where it excepted one specific action--an action involving Security--from its coverage, and, again, in paragraph 6 where it specifically released the parties from liability arising out of the action in which the release was negotiated and the contract to which the action related "[w]ithout limiting the general effect" of paragraph 5. See Western Mortgage & Guar. Co. v. Gray, 215 Cal. 191, 200-01, 8 P.2d 1016, 1020 (1932) (where a general release is executed subject to certain exceptions, claims which do not fall within the specific exceptions are barred).
 
 
 9
 We are aware of the California rule that even with integrated contracts, like the one at hand, extrinsic evidence can sometimes be used to demonstrate a meaning different from that which appears clear on the face of the document--in short, to create an ambiguity where there appears to be none. See Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc., 971 F.2d 272, 277 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1267, 122 L.Ed.2d 663 (1993); Trident Ctr. v. Connecticut General Life Ins. Co., 847 F.2d 564, 570 n. 6 (9th Cir.1988); Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co., 69 Cal.2d 33, 37, 69 Cal.Rptr. 561, 442 P.2d 641 (1968). But, even then, the agreement must be reasonably susceptible of the meaning it is alleged to have. See A. Kemp Fisheries, Inc. v. Castle & Cooke, Inc., 852 F.2d 493, 495 (9th Cir.1988); Slivinsky v. Watkins-Johnson Co., 221 Cal.App.3d 799, 805, 270 Cal.Rptr. 585 (1990). SoCal runs afoul of the latter rule. Its attempt to torture a more narrow release out of the claimed intent of its attorney does not merely interpret the agreement. It seeks to contradict the broad yet specific language of the release agreement. That SoCal cannot accomplish.[1] See Banco Do Brasil, S.A. v. Latian, Inc., 234 Cal.App.3d 973, 1008, 285 Cal.Rptr. 870 (1991), cert. denied, --- U.S. ----, 112 S.Ct. 2967, 119 L.Ed.2d 588 (1992). Whatever SoCal's intent might have been, the release covered the claim in question
 
 
 10
 (2) Attorneys Fees.
 
 
 11
 Paragraph 10 of the release provides for attorneys fees and costs for the prevailing party in litigation "arising out of the terms and conditions" of the agreement. When Security and Chicago presented the release as part of their summary judgment motion and SoCal contested by claiming that the release did not cover the action, there was litigation arising out of the terms and conditions of the release agreement. The attorneys fee agreement was enforceable in California. See Cal.Civ.Proc.Code Sec. 1021; see also Cal.Civ.Code Sec. 1717. Thus, the district court did not err when it awarded fees for that part of this action. See Xuereb v. Marcus & Millichap, Inc., 3 Cal.App.4th 1338, 1342-44, 5 Cal.Rptr.2d 154 (1992).
 
 
 12
 However, Security and Chicago attempt to reach too far when they seek to recover all attorneys fees incurred in their defense of this antitrust action. This action itself did not arise out of the release. Perhaps the bringing of this action could be deemed a breach of the release agreement, which could lead to a claim that consequential damages in the form of attorneys fees resulted from that breach. See Tamarind Lithography Workshop, Inc. v. Sanders, 143 Cal.App.3d 571, 578-79, 193 Cal.Rptr. 409 (1983); cf. Olson v. Arnett, 113 Cal.App.3d 59, 67-68, 169 Cal.Rptr. 629 (1980). However, we need not, and do not, decide that question. No claim of breach was placed before the district court by way of complaint, counterclaim, defense, or otherwise. As a result, the district court was in no position to adjudicate any breach of contract claim. Nor are we. The district court properly limited the fees as it did.
 
 
 13
 (3) Costs.
 
 
 14
 Security and Chicago earnestly argue that upon attaining victory they were entitled to costs of suit. The district court did not disagree with that general proposition. It simply pointed out that there was no evidence that costs, as used in the release, meant anything other than taxable costs. It also pointed out that under the local rules parties were required to follow a particular cost bill procedure. See C.D.Cal.Local R. 16.1-16.7. Security and Chicago did not follow the local rules. As a result, they were not awarded their costs. As the district court said, "There is no reason why the court should be involved in taxing costs and [have] its time taken up by the minutiae of a costs bill."
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This also robs the dispute over the failure of Chicago's counsel to answer certain deposition questions of any importance it might otherwise have had